1  Patrick F. Bright (State Bar #68709)
   WAGNER, ANDERSON & BRIGHT PC
2  10524 W.PICO BOULEVARD, Suite 214
   Los Angeles, CA 90064
3  Telephone: (213) 700-6637
   Facsimile: (310) 559-9924
4  Email: pbright@patentattorney.us
   *Attorneys for Defendants and Counterclaimants*
5  *Walking U Ranch, LLC, Kathleen P. March &*
   *Patrick F. Bright*

6                  **UNITED STATES DISTRICT COURT**

7     **FOR THE CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIV-LA)**

8

9  THE TRAVELERS                    CASE NO.: 2:18-cv-2482-CAS-PJW
   INDEMNITY COMPANY OF
10 CONNECTICUT, a Connecticut        **(1) OPPOSITION OF DEFENDANTS &**
   corporation;                      **COUNTER-CLAIMANTS WALKING U**
11 TRAVELERS CASUALTY                **RANCH, LLC, KATHLEEN P. MARCH,**
   INSURANCE COMPANY OF              **AND PATRICK F. BRIGHT, OPPOSING**
12 AMERICA, a Connecticut            **TRAVELERS INSURERS' MOTION FOR**
   corporation,                      **SUMMARY JUDGMENT/ PARTIAL**
13                                    **SUMMARY JUDGMENT; AND**
14                                    **(2) DEFENDANTS' REQUEST, PER**
                   Plaintiff,        **FRCP RULE 56(f) AND *COOL FUEL* LINE**
15                                    **OF CASES, THAT COURT ENTER**
        v.                           **SUMMARY JUDGMENT IN FAVOR OF**
16                                    **DEFENDANTS, THAT TRAVELERS**
                                      **INSURERS HAVE DUTY TO DEFEND**
17 WALKING U RANCH, LLC, a           **AND INDEMNIFY INSUREDS, PER**
   California limited liability      **TRAVELERS AGRIBUSINESS LIABILITY**
18 company; KATHLEEN P.              **INSURANCE POLICIES INSURING**
   MARCH, an individual;            **INSUREDS**
19 PATRICK F. BRIGHT, an             [NOTE:  Defendants' Response to Travelers'
   individual; and DOES 1 through   Statement of Uncontroverted Facts; and Bright
20 10, Inclusive,                    Declaration, w/Exhs; are being Filed as
                                     Separately Captioned Pleadings]
21
                   Defendants.
22
                                     Hearing on Summary Judgment Motion is:
23 And Related Counterclaims          Date:  August 6, 2018
                                     Time:  10:00 a.m.
24                                   Place:  Courtroom 8D of Hon. Judge Snyder
25
26
27
28

Defendants and Counterclaimants Walking U Ranch, LLC ("LLC"), Kathleen P. March ("March") and Patrick F. Bright ("Bright"), collectively referred to herein as "Travelers Insureds" or "Insureds" make their OPPOSTION to the Motion for Summary Judgment of Plaintiffs and Counter-defendants (collectively referred to herein as "Travelers Insurers" or "Insurers").  This Opposition consists of the attached Memorandum of Points and Authorities, and in addition, consists of the separately filed Declaration of Patrick F. Bright, Esq., with Exhibits, and the separately filed Insureds' Response to the Statement of Undisputed Facts, etc pleading filed by Travelers Insurers.

Dated:  July 12, 2018           WAGNER, ANDERSON & BRIGHT

                    ___/s/ Patrick F. Bright_____

                    Counsel for Insureds Walking U Ranch, LLC, March
                    and Bright

DEFENDANTS' OPPOSITION TO TRAVELERS MSJ, WITH FRCP RULE 56(f) REQUEST OF DEFENDANTS

# TABLE OF CONTENTS TO MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO TRAVELERS' MSJ, AND SEEKING SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS, THE INSUREDS

I.     Summary—The Court Should Deny Travelers' MSJ, and Should Apply FRCP Rule 56(f), and The *Cool Fuel* Line Of Cases, to Instead Grant Summary Judgment in Favor of Insureds, to Require Travelers to Defend/Indemnify Insureds in UA.....................................................................................1

II.    Uncontroverted Facts.....................................................................2

III.   Controlling Law Requires Travelers To Defend/Indemnify Insureds in the UA.........................................................................................6

IV.    Skulrak's <u>Admissions</u> in Deposition Confirm There is Coverage Under the Policies at Issue...............................................................................11

V.     Travelers Also Have a Duty to Defend and Indemnify its Insureds, Under Policies' "*Loss Of Use Of Tangible Property That Is Not Damaged*" (<u>Coverage A</u>) Provisions...............................................................................17

VI.    Travelers Also Have a Duty to Defend/Indemnify Insureds, Pursuant to "*Personal and Advertising Injury*" Provisions (<u>Coverage B</u>) of Travelers' Policies.........................................................................................20

VII.   Travelers Has a Duty to Defend/Indemnify Under the Policy Based on SAC's COA for Slander of Title..........................................................................22

VIII.  SAC in UA Also Alleges Damages For Nuisance, Triggering Plaintiff's Duty to Defend/Indemnify.........................................................................23

IX.    The Court Should <u>Deny</u> Travelers MSJ, Based on Controlling Law Re Coverage, the Coverage Language in the Policies at Issue, the Allegations of SAC in UA, and Skulrak's Deposition Admissions, and Should Apply FRCP Rule 56(f), to <u>Grant Summary Judgment in Favor of Insureds</u>...................24

X.     Conclusion....................................................................................25

iii

Bright Declaration, with Exhibits…………………………….filed separately

Defendants' Response to Travelers Insurers' Statement of Uncontroverted Facts

and Conclusions of Law Pleading……………………………filed separately

# **TABLE OF AUTHORITIES**

## **Cases**

*Albert v. Truck Ins. Exchange*, 23 Cal.App.5th 367,

      232 Cal.Rptr.3d 774, (2018)……………………………….…………10

*Allstate Ins. Co.v. Vavasour*, 797 F.Supp. 785 (N.D. Cal. 1992)……..……...…..24

*Amtel Corp. v. St. Paul Fire & Marine Ins. Co.*,

      430 F.Supp.2d 989 (ND Cal. 2006)………………………………...……19

*Armitage v. Decker*, 218 Cal.App.3d 887, 267 Cal.Rptr. 399 (1990)……………….24

*Atlantic Mutual Insurance Co. v.  J. Lamb, Inc.*,100 Cal.App.4th 1017

      123 Cal.Rptr.2d 256 (2002)…………………………………………….……8

*Barnett v. Fireman's Fund Ins. Co.*, 90 Cal.App.4th 500,

      108 Cal.Rptr.2d 657 (2001)…………………………………...............7, 21, 22

*Borg v. Transamerica Ins. Co.,* 47 Cal.App.4th 448,

      54 Cal.Rptr. 811 (1996)………………………………………………10, 19

*Buss v. Superior Court,* 16 Cal.4th 35, 65 Cal.Rptr.2d 366,

      939 P.2d 766 (1997)……………………………………………6, 8, 9

*California Shoppers Inc. v. Royal Globe Ins. Co.,* 175 Cal.App.3d 1(1985)………..8

*Century Transit Systems, Inc. v. American Empire Surplus Lines Ins. Co.,*

      42 Cal.App.4th 121, 49 Cal. Rptr.2d 567 (1996)………………………….9

*CNA Casualty of California v. Seaboard Surety Co.*,

      176 Cal. App. 3d 598, 222 Cal. Rptr. 276 (1986)…………………………7, 21

v

*Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir.1982)………………………1, 2, 25

*Dufour v. Henry J. Kaiser Co*., 215 Cal.App.2d 26, 29

      Cal.Rptr. 871 (1963)…………………………………..…………..24

*Dyer v. Northbrook Prop. & Cas. Ins. Co.,* 210 Cal.App.3d 1540,

      259 Cal. Rptr. 298 (1989)……..…....................……………………8

*Graham v. Scissor-Tail, Inc.*, 28 Cal.3d 807, 171 Cal.Rptr.604 (1981) …………..11

*Gray v. Zurich Insurance Co.,* 65 Cal.2d 263,

      54 Cal.Rptr. 104 (1966)……………….....……………………..….6

*Gunderson v. Fire Insurance Exchange*, 37 Cal.App.4th 1106,

      44 Cal. Rptr.2d 272 (1995)……......…….…………………....8-10

*Hartford Casualty Insurance Co. v. Swift Distribution, Inc.,*

      59 Cal.4th 277, 172 Cal.Rptr.3d 653 (2014)........................................8

*Horace Mann Ins. Co. v. Barbara B.,* 4 Cal.4th 1076,

      17 Cal.Rptr.2d 210, (1993)……………………………….……6

*Hurley Construction Co. v. State Farm Fire & Casualty Co.*,

      10 Cal.App.4th 533, 12 Cal.Rptr.2d 629 (1992)..................................8

*Jacobs v. Freeman*, 104 Cal.App.3d 177, 163 Cal.Rptr.680 (1980) …………..….11

*Johansen v. California State Auto. Assn. Inter-Ins. Bureau,*

      15 Cal.3d 9, 123 Cal.Rptr.288 (1975)………………………………9

*Kazi v. State Farm Fire & Casualty Co.*,

      24 Cal.4th 871, 103 Cal.Rptr.2d 1(2001)…………………………...9, 10

*Maryland Casualty Co. v. Imperial Contracting Co.*,

212 Cal.App.3d 712, 260 Cal.Rptr. 797 (1989)…………………………………9

*Martin Marietta Corp. v. Insurance Co. of N. Am.*,

40 Cal.App.4th 1113, 47 Cal.Rptr.2d 670, (1995)………………………......…..8

*Montrose Chemical Corp. v. Superior Court* 6 Cal.4th 287,

24 Cal.Rptr.2d 467 *(*1993)………………………………….…………6-8,21,22

*Opsal v. United Services Automobile Association*,

2 Cal.App.4th 1197, 10 Cal.Rptr. 2d 352 (1991)……………………….....…8

*Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089,

8 Cal.Rptr.3d 233 (2004)………………………………………....……..9

*Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*,

307 F.3d 944, (9th Cir. 2002)……………………………..……………………..21

*Powerine Oil Co., Inc. v. Superior Court,* 37 Cal.4th 377,

33 Cal.Rptr.3d 562 (2005) ………………………………………………………8

*Smith v. City and County of San Francisco,* 225 Cal.App.3d 38

275 Cal.Rptr. 17 (1990)……………………………………………………..…9

*Truck Insurance Exchange v. Bennett*, 53 Cal.App.4th 75,

61 Cal.Rptr.2d 497 (1997)……………………………………………………9, 23

*Vandenberg v. Superior Court*, 21 Cal.4th 815,

88 Cal.Rptr.2d 366, (1999)…..……………………………………………..7

*Waller v. Truck Insurance Exchange, Inc.* 11 Cal. 4th 1

44 Cal.Rptr.2d370 (1995) …………………………………………………..9

**Statutes**

California Civil Code §45 and §46……………………………………….....22

California Civil Code §1654…………………………………………….…...11

California Civil Code § 3479……………….…………………………...….23

FRCP Rule 56(f)……………………………...……….1, 2, 4, 5, 24, 25

**Treaties**

Merriam-Webster Dictionary Online (2018)……………………….……………14-17

DEFENDANTS' OPPOSITION TO TRAVELERS MSJ, WITH FRCP RULE 56(f) REQUEST OF DEFENDANTS

## MEMORANDUM OF POINTS & AUTHORITIES

**I.    SUMMARY—THE COURT SHOULD DENY TRAVELERS' MSJ, AND SHOULD APPLY FRCP RULE 56(f), AND THE *COOL FUEL* LINE OF CASES, TO INSTEAD GRANT SUMMARY JUDGMENT IN FAVOR OF INSUREDS,  TO REQUIRE TRAVELERS TO DEFEND/INDEMNIFY INSUREDS IN UA**

Defendants Walking U Ranch LLC ("LLC"), Patrick Bright ("Bright") and Kathleen March ("March") (collectively referred to as "Insureds" or "Defendants") oppose the Motion for summary judgment/partial summary judgment (the "MSJ"), filed by plaintiffs The Travelers Indemnity Company of Connecticut and Travelers Casualty Insurance Company of America (collectively referred to as "Travelers"  or "Travelers Insurers" hereinafter).  The Travelers Insurers are related insurance companies.

The Court should deny Travelers' MSJ, which seeks a finding Travelers has no duty to defend or indemnify Defendants, who are Travelers three named Insureds, on the four Travelers basic and excess agribusiness liability insurance policies at issue (the "policies"), in an ongoing lawsuit, case number 17CV05630 (*Louderbacks v. Walking U Ranch, LLC, Kathleen P. March & Patrick F. Bright)*, in Santa Barbara Superior Court, which asserts several causes of action (the "COAs") against all three Insureds ("Underlying Action" or "UA").

In addition to denying Travelers MSJ, the Court should apply FRCP Rule 56(f), and the 9th Circuit *Cool Fuel, Inc. v. Connett*, 685 F.2d 309 (9th Cir.1982) line of cases, to **grant summary judgment in favor of the three named Insureds, against**

**Travelers**, to hold that Travelers has a duty to defend, and to indemnify, its 3 named Insureds, pursuant to the Travelers agribusiness liability insurance policies at issue here.  FRCP Rule 56(f) states:

> "(f) After giving notice and a reasonable time to respond, the court may: (1) grant summary judgment for a **nonmovant**; …"

Insureds are entitled to summary judgment that Travelers has a **duty to defend and indemnify** all Insureds, for all COA's alleged in the Second Amended Complaint ("SAC") against Insureds, in Superior Court, because (1) the policy language of the policies at issue, when compared to (2) the **complaint allegations** in the SAC in the UA, establishes, without genuine issue of material fact, that Travelers have a **duty to defend** Insureds in the UA. In addition, Insureds are entitled to summary judgment in Insureds' favor, that the agribusiness liability policies in issue require Travelers to **indemnify insureds** (aka **pay a judgment**), without genuine issue of material fact, if there were, in future, a judgment against Insureds, in the UA.  Both FRCP Rule 56(f), and the *Cool Fuel* line of cases, state that, after notice and a hearing, a Court can grant summary judgment **in favor of the nonmovant**  (here nonmovant Insureds).

## II.    UNCONTROVERTED FACTS

All three Defendants (LLC, March and Bright) are named Insureds of Travelers, in four **agribusiness liability insurance policies** here at issue, each issued by Travelers to Insureds, insuring Insureds against liability claims made against Insureds

2

by third persons, and obligating Travelers to **defend and indemnify** Insureds against such claims, up to policy limits.  Two of these four policies are so-called basic insurance policies, insuring Insureds for liability claims made against Insureds by third persons, for the policy periods 2/17/2016 to 2/17/2017, and 2/17/2017 to 2/17/2018.  The other two Travelers policies are excess liability insurance policies, insuring Insureds against liability claims made against Insureds by third persons, if there were a judgment against Insureds that exceeded the basic policy coverage limits, for the same policy periods. The policies require both that the Travelers both **defend** its Insureds in any lawsuit brought against Insureds by third persons, for covered claims, and that Travelers **pay any judgment** for covered claims, up to policy and excess policy limits, if a judgment were to be entered against Insureds.

All three Insureds were sued, in December 2017,  by John and Jacqueline Louderback, in Santa Barbara Superior Court (Cook Division) lawsuit 17CV05630 ("Underlying Action" or "UA").  UA is ongoing and is set for trial on 9/17/18.  UA's complaints allege that Louderbacks possess a deeded easement to cross the cattle ranch owned by Walking U Ranch, LLC, to go to/from Louderbacks' property located east of the Walking U Ranch, LLC land. Alternatively, these complaints allege that if there is no deeded easement, the Superior Court should award Louderbacks a Court-created (prescriptive, necessity, implied or equitable) easement to cross LLC land. These complaints also allege tort COA's against Insureds, namely, COA's for interference with alleged easement, nuisance by blocking alleged easement, slander of

title by March, as managing member of LLC, saying LLC disagreed there is a deeded

easement, unfair competition by LLC locking LLC's gate, and interference with

alleged prospective economic advantage, by LLC locking LLC's gate, when March, as

managing member of LLC, locked LLC's gate, after March (a lawyer) investigated

and determined that Louderbacks did not have the deeded easement they alleged to

have to cross LLC land.

Within days of being sued, Insureds, in writing, timely asked Travelers to

defend Insureds, in UA, under the agribusiness liability insurance policies in issue,

and asked Travelers to indemnify Insureds, under the same policies, if in future, there

were a judgment against Insureds in the UA. Travelers took nearly three months to

provide any defense.  Soon after doing so, Travelers filed this suit, seeking a Court

declaration that the Travelers agribusiness liability insurance policies in issue do not

require Travelers to defend or indemnify insureds, in UA.  Insureds have timely filed

Insureds' Counterclaim against Travelers, for Travelers' breach of the insurance

contracts, beach of the implied covenant of good faith and fair dealing etc.

The Louderbacks' original Complaint against Insureds, and First Amended

Complaint ("FAC") against Insureds, in the UA, are attached as Exhibits 5 and 8 to

the Declaration of Travelers' employee, Melissa Skulrak (the "Skulrak dec")

(Dkt.#20) filed in support of Travelers MSJ. This Opposition (with FRCP Rule 56(f)

request) incorporates, by reference, the original complaint, and the FAC, from the UA,

and attaches, as **Exhibit B** to Bright's Declaration hereto (the "BrightDec"), the

Second Amended Complaint ("SAC") in UA, filed/served 6/1/18.  The SAC is the current operative complaint in the UA.

This Opposition (with FRCP Rule 56(f) request) also incorporates by reference the four policies in issue, which are attached as Exhibits 1, 2, 3 and 4 (the "policies" or the "policies at issue") to the Skulrak dec (Dkt.#20) to Travelers' MSJ.

After Insureds, in December 2017, tendered to Travelers, requesting Travelers Insurers to defend/indemnify Insureds, Travelers, on 1/11/18, by Travelers' assigned claims adjustor (Travelers' employee Ms. Skulrak), wrote Insureds that Travelers would provide a defense to Insureds in the UA, but reserved Travelers' right to seek reimbursement from Insureds of sums Travelers paid to defend Insureds.  Ms. Skulrak sent Insureds second letter, dated 1/26/18 ( "Skulrak letter") (See Ex. 6 to the Skulrak dec), stating Travelers' **rationale** that the policies do **not** require Travelers  to defend or indemnify Insureds, in UA, though stating Travelers would provide a defense to Insureds in the UA.

In deposition, Ms. Skulrak made at least **24 admissions** (itemized at **IV**. Infra), many contrary to her 1/26/18 "no coverage" letter.  Ms. Skulrak's admissions confirm that the policy language of the Travelers policies in issue, do require Travelers to defend/ indemnify Insureds.  The relevant portions of Skulrak's deposition, containing Skulrak's 24 admissions, are **Exhibit A** to BrightDec. to this Opposition.

In this Opposition (with FRCP rule 56(f) request), Insureds compare the policies' coverage language to the allegations of the SAC in the UA.  That comparison

establishes that Travelers owes a duty to defend/indemnify Insureds, in the UA, and

demonstrates there is no genuine issue of material fact on these issues, on this record.

This Opposition sets forth the controlling law on coverage. When applied to the

uncontroverted facts, controlling law establishes that it is Insureds, not Travelers, who

are entitled to summary judgment in Insureds' favor, that Travelers owes Insureds a

duty to defend and indemnify insureds, in UA.

## III.    CONTROLLING LAW REQUIRES TRAVELERS TO DEFEND/ INDEMNIFY INSUREDS IN THE UA

Travelers' duty to defend/indemnify Insureds here is **<u>broad</u>** under California

law. The insurer "must defend a suit which potentially seeks damages within the

coverage of the policy." *Gray v. Zurich Insurance Co.,* (1966) 65 Cal.2d 263, 275.

Thus, an insurer need not defend only when " 'the third party complaint can by

no conceivable theory raise a single issue which could bring it within the policy

coverage.' " *Montrose Chemical Corp. v. Superior Court,* (1993) 6 Cal.4th 287, 300.

"[T]he insured need only show that the underlying claim may fall within policy

coverage; the insurer must prove it cannot." *Ibid*. "Any doubt as to whether the facts

give rise to a duty to defend is resolved in the insured's favor." *Horace Mann Ins. Co.*

*v. Barbara B.,*(1993)4 Cal.4th 1076, 1081. And, even a single claim which does not

predominate, but for which there is potential coverage, will trigger the insurer's duty

to defend. [*Id*., at p. 1084; *Buss v. Superior Court,* (1997)16 Cal.4th 35, 46].

The determination of whether the insurer owes a duty to defend is usually made

in the first instance by comparing the allegations of the complaint with the coverage

6

terms of the policy. See *Montrose Chemical Corp., supra* at p. 295.

Whether a particular claim must be covered is unaffected by the form of the legal proceeding or the legal theory asserted by the injured party. *Vandenberg v. Superior Court*, (1999) 21 Cal.4th 815, 838.  Nor is the test for insurance coverage confined to looking at the titles of the causes of action in the UA, but instead requires an analysis of the factual allegations in the UA. See, for example, *Barnett v. Firemans Fund Ins. Co.* (2001) 90 Cal.App. 4th 500, 510 where the court found a duty to defend based on the policy's coverage for defamation, even though not all of the elements of defamation had been plead. Therefore, even if a COA for slander has not been formally pleaded in the UA, the insurers, Travelers here, still have a duty to defend based on the allegations that could give rise to a COA for slander.

The duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim regardless of the legal cause of action pleaded by the third party. *CNA Casualty of California v. Seaboard Surety Co.* (1986) 176 Cal. App. 3d 598, 606-607. In that case, appellants told third persons that MedPartners' methods of doing business were flawed and would result in its failure, and made other representations that disparaged/damaged MedPartners and SCMC. These allegations triggered at least potential coverage under the personal injury coverage for defamation provided by the CGL policy in the *CNA* case. Similarly here, SAC's allegations are sufficient to trigger coverage under Coverage Part B of the policies here in time.

Likewise, the allegations in the complaint in the UA allege damage to the

7

Louderbacks' use and enjoyment of their 793 acres, and that is sufficient to trigger

coverage under Coverage Part A (Loss of Use of Property that is Not Damaged)

provision of the policies here at issue.

Travelers' cited cases do not entitle Travelers to evade coverage for Insureds in

the UA. To the contrary, see *Buss v. Superior Court* (1997) 16 Cal.4th 35, 46 ordering

insurer to defend/indemnify, and holding that: "By contrast, the insurer's duty to

defend runs to claims that are merely potentially covered, in light of facts alleged or

otherwise disclosed." Likewise, applying this broad test for coverage, the Court

ordered insurer to defend/indemnify in *Atlantic Mutual Ins. Co. v. J. Lamb, Inc*.

(2002) 100 Cal.App.4th 1017, *California Shoppers Inc. v. Royal Globe Ins. Co.,*

(1985) 175 Cal.App.3d 1, *Martin Marietta Corp. v. Insurance Co. of N. Am*. 40

Cal.App.4th 1113 (1995), *Powerine Oil Co., Inc. v Superior Court* (2005) 37 Cal.4th

377, *Montrose Chemical Corp. v. Superior Court (*1993) 6 Cal.4th 287 (page 295:"

'the carrier must defend a suit which *potentially* seeks damages within the coverage of

the policy.'"), and in *Opsal v United Services Auto. Assn.* (1991) 2 Cal.App.4th 1197.

Insureds invoke here the protection that the broad test for coverage established by

these, and many other cases requiring insurers to indemnify/defend.

Travelers cites to the following distinguishable cases: *Gunderson v. Fire Ins.*

*Exchange* (1995) 37 Cal.App.4th 1106, *Dyer v Northbrook Prop. & Cas. Ins. Co.*

(1989) 210 Cal.App.3d 1540, *Hartford Casualty Ins. Co. v. Swift Distribution, Inc.*

(2014) 59 Cal.4th 277, *Hurley Construction Co. v. State Farm Fire & Casualty Co.*

DEFENDANTS' OPPOSITION TO TRAVELERS' MSJ, WITH FRCP RULE 56(f) REQUEST OF DEFENDNATS

(1992) 10 Cal.App.4th 533, and *Truck Ins. Exchange v. Bennett* (1997) 53

Cal.App.4th 75, *Century Transit Systems, Inc. v. American Empire Surplus Lines Ins.*

*Co.* (1996) 42 Cal.App.4th 121, and *Waller v. Truck Ins. Exchange* (1995) 11 Cal. 4th

1. All found insurer had no duty to indemnify/defend based on absence of any

remotely possible coverage, or on express exclusions in the insurance policies there at

issue. Here, Travelers fail to point to any such absence or exclusions of coverage in

the policies at issue.

    *Buss v. Superior Court* (1997) 16 Cal.4th 35, 50-52, *Johansen v. California*

*State Auto. Assn. Inter-Ins. Bureau* (1975) 15 Cal.3d 9,  and *Maryland Casualty Co. v.*

*Imperial Contracting Co.* (1989) 212 Cal.App.3d 712, 720-722 hold only that an

insurer may, under appropriate circumstances, recover sums paid to an insured upon

proof that the insurance policies at issue don't cover the insureds' claims.

    *Pasadena Live, LLC v. City of Pasadena* (2004) 114 Cal.App.4th 1089 and

*Smith v. City and County of San Francisco* (1990) 225 Cal.App.3d 38, two other cases

Travelers cites, are breach of contract cases, but not breach of insurance policy cases.

Both hold only that a claimant must allege breach of a covenant in the contract at issue

to state a claim for breach of the covenants of good faith and fair dealing.

    Travelers' reliance on *Kazi v. State Farm Fire and Casualty Co.*, (2001) 24

Cal.4th 871, 881, and *Gunderson v. Fire Ins. Exchange*, (1995) 37 Cal.App.4th 1106,

1115, is misplaced. In those cases, under the narrowly drawn policies there at issue,

the Courts reasoned that, because an easement is an incorporeal or intangible property,

9

it is not "tangible property" and therefore, claims arising out of an easement dispute

don't constitute property damage. By contrast, here, the policies define "property

damage" as "Loss of use of tangible property that is not physically injured."

In rejecting the insureds' argument that there could be covered "loss of use"

without physical injury to property, the court in *Gunderson* held there was no

coverage because the policy language in *Gunderson* required actual physical damage

to property  *Id*, at pp. 1118-1119.  Here, in contrast, Travelers' policies' definition of

"property damage" (Part B of property damage) expressly covers "loss of use of

tangible property **that is not damaged**".  Because of this key difference in policy

language, *Gunderson* is not on point. See *Borg v. Transamerica Ins. Co.,* (1996) 47

Cal.App.4th 448.

*Albert v. Truck Ins. Exchange*, 23 Cal.App.5th 367 (2018) supports Insureds'

position, that Louderbacks' allegations that Louderbacks have lost of use of

Louderbacks' 793 acres, due to LLC locking LLC's gate (thereby preventing

Louderbacks from using the alleged easement to cross LLC land),  is covered under

the Travelers policies at issue.  In *Truck*, the Court held that a claim against the

insured for blocking part of an easement on the insured's property could constitute an

invasion of the right of private occupancy of the claimant's land benefiting from the

easement. The court rejected the insurer's attempt to read into the policy the

requirement of a physical invasion coverage for the covered offense of invasion of the

right of private occupancy.  *Id*, at p. 788.  *Kazi* didn't address liability policies worded

as the policies at issue here are worded, where the policy language expressly covers

"loss of use of tangible property **which is not damaged**."

The Court must properly resolve any doubt about coverage against Travelers, in favor

of Insureds, because Travelers wrote the policies at issue, which are contracts of

adhesion. See CA Civil Code §1654 ("…the language of a contract should be

interpreted most strongly against the party who caused the uncertainty to exist.").

*Jacobs v Freeman* (1980) 104 Cal.App.3d 177, 189 (citing *Civil Code §1654*);

*Graham v Scissor-Tail, Inc.* (1981) 28 Cal.3d 807, 819 (Rule re. resolve ambiguities

against drafter applies with particular force in contracts of adhesion.).

## IV.   SKULRAK'S <u>ADMISSIONS</u> IN DEPOSITION CONFIRM THERE IS COVERAGE UNDER THE POLICIES AT ISSUE

Travelers' Initial Disclosures to Insureds, in this suit (**Exhibit E** to Bright Dec.,

bates p.130), describe Ms. Skulrak as the "claim professional handling the tender by

[Insureds] of the [UA to Plaintiffs]. She is knowledgeable about all aspects of

Travelers' handling of the [UA], including the tender of the [UA] to Travelers, the

company's response, and its payments toward the defense". Ms. Skulrak testified in

deposition that she is a full time adjuster employee of Travelers, does not write

Travelers' policies, but is authorized by Travelers to interpret Travelers' policies, and

to tell persons like Insureds whether Travelers will/won't provide coverage under

Travelers' insurance policies. (**Bright Dec, Ex. A are relevant portions of Skulrak's**

**deposition testimony**).  Skulrak was not sure, in deposition (Skulrak deposition,

Exh.A to Bright Dec., at bates p.10) , if she had read Louderbacks' Second Amended

11

Complaint ("SAC") in the UA, which is the current version of the UA complaint

against Insureds.  SAC is not referred to in Skulrak's 1/26/18 letter, and is not referred

to in Skulrak's Dec. to Travelers' MSA.  SAC is attached as **Exh.B** to Bright Dec..

Skulrak's decl. to Travelers MSJ (Dkt.#20) attaches Skulrak's 1/26/18 letter,  as

Ex.6,  and repeats the letter's arguments.   That letter is Travelers **only alleged**

**rationale** for Travelers' present suit seeking a declaration of the Court that Travelers

need not defend or indemnify Insureds.   Travelers' MSJ is mainly a "cut-and-paste"

of passages from Skulrak's 1/26/18 letter.

In deposition, Ms. Skulrak couldn't identify anyone better qualified than she is,

to address the coverage issues on this MSJ. (BrightDec, Ex. A, bates p.30).  **In her**

**deposition, Ms. Skulrak made at least 24 admissions**, which confirm that Travelers

is required to defend and indemnify Insureds, in UA, pursuant to the Travelers

agribusiness liability insurance policies at issue:

A. That Skulrak wrote, signed and sent Insureds the 1/26/2018 Skulrak letter
   attached to the Skulrak dec (Dkt.#20) filed in support of Travelers' MSJ; see
   Bright dec, Bates pp. 10 and 11 of Exh.A, Skulrak depo.;

B. That the 1/26/2018 letter is based on the original complaint in the UA, the
   Corporate General Liability Provisions of the agribusiness liability insurance
   policies at issue, and conversations with Patrick Bright; see Bright dec, Bates p.
   11, of Exh.A, Skulrak depo.;

C. That the four Travelers policies at issue here have the same coverage provisions;
   see Bright dec, Bates pp. 11 & 12, of Exh.A, Skulrak depo.;

DEFENDANTS' OPPOSITION TO TRAVELERS' MSJ, WITH FRCP RULE 56(f) REQUEST OF DEFENDNATS

D. That the complaints in the UA allege that the underlying plaintiffs, namely, John and Jacqueline Louderback, have lost use of the 793 acres they own; see Bright dec, Bates pp.13 and 19, of Exh.A, Skulrak depo.;

E. That Travelers doesn't know whether allegations of UA complaints about the damages alleged by the underlying plaintiffs, or about what the damages are, are true/accurate; see Bright dec, Bates p.14, of Exh.A, Skulrak depo.;

F. That the UA is a civil suit, as defined in the policies at issue; see Bright dec, Bates p.14, of Exh.A, Skulrak depo.;

G. That the Skulrak letter dated 1/26/2018 identifies the provisions of the policies at issue here that are applicable to the claims and potential claims alleged in the complaints in the UA; see Bright dec, Bates p.15, of Exh.A, Skulrak depo.;

H. That the 1/26/2018 Skulrak letter's analysis of coverage for Insureds in the UA is based on the original complaint in the UA, the coverage  provisions of the policies at issue, and conversations with Patrick Bright, nothing else; see Bright dec, Bates p.16, of  Exh.A, Skulrak depo.;

I. That the policies at issue cover claims for property damage in the covered territory, during the policy period, and the claims in the UA, actual and potential, occurred in the policy period(s), and in the policy territory, the US; see Bright dec, Bates p.19, of Exh.A, Skulrak depo.;

J. That the UA is a "suit" covered under the policies at issue; see Bright dec, Bates p.20, of Exh.A, Skulrak depo.;

K. That no coverage exclusion in the policies at issue applies here: see Bright dec, Bates p. 22, of Exh.A, Skulrak depo.;

L. That under the policies at issue here, property damage is covered where there is

13

an "occurrence" alleged in the UA: see Bright dec, Bates p. 22-23, of Exh.A, Skulrak depo.;

M. That under the policies at issue, policy Coverage B, for "advertising injury," includes coverage for alleged claims of slander; see Bright dec, Bates pp. 22 & 24, of Exh.A, Skulrak depo.;

N. That Ms. Skulrak is the most knowledgeable person at Travelers about this case, and about the coverage issues here, from Travelers' viewpoint; see Bright dec, Bates p. 30, of Exh.A, Skulrak depo.;

O. That only policy terms that appear in quotation marks, are defined terms in the Travelers' policies at issue; see Bright dec, Bates pp. 17 & 18, of Exh.A, Skulrak depo.;

P. That words in the policies at issue that are <u>not</u> in quotation marks are <u>not</u> defined in these policies, and therefore, a person can look in a dictionary to determine the definition of policy words that are <u>not</u> in quotation marks; see Bright dec, Bates p. 23, of Exh.A, Skulrak depo.;

Q. That the word *accident* does not appear in quotation marks in the policies at issue, and therefore, it is proper to look at a dictionary to determine a proper definition for the term *accident;* see Bright dec, Bates p. 23, of Exh.A, Skulrak depo.;

R. That the Merriam-Webster online dictionary definition of the word *accident,* namely "*an unfortunate event*", applies here. That definition is **<u>Exhibit C</u>** to the Bright Dec, and was also marked as Exhibit 4 in Skulrak's deposition; see Bright dec, Bates p. 23, of Exh.A, Skulrak depo.;

S. That LLC locking its gate was an *event;* see Bright dec, Bates p. 21, of Exh.A, Skulrak depo.;

14

T.   That Louderbacks suing Insureds, in UA, was *unfortunate ;* see Bright dec, Bates p. 21, of Exh.A, Skulrak depo.;

U.   That Skulrak's admissions, S and T, taken together, admit that LLC locking its gate was an *unfortunate event*, which therefore is an *accident* under the Merriam Webster online dictionary definition of *accident* as "*an unfortunate event*";

V.   That Louderbacks' SAC in UA alleges that the Louderback plaintiffs in UA have lost use of the Louderbacks' 793 acres, because the Louderbacks allegedly cannot reach their 793 acres, due to LLC locking LLC's gate; see Bright dec, Bates pp. 13 and 19, of Exh.A, Skulrak depo.;

W.   That loss of use, of property that is not damaged, is covered property damage under the Travelers' policies at issue; see Bright dec, Bates p.19-20, of Exh.A, Skulrak depo.;

X.   That, though Skulrak's 1/26/18 letter refers to the "2. j. 1" coverage exclusion in the policies at issue, that exclusion does **not** apply to Insureds' coverage demands here; see Bright dec, Bates p. 22, of Exh.A, Skulrak depo..

Skulrak's 1/26/18 letter fails to follow controlling law in analyzing coverage issues . For example, the FACTUAL BACKGROUND section of the Skulrak letter, page 2, looks only at the *titles* of the causes of action in the complaint in the UA, and doesn't analyze the detailed allegations of these complaints. That is contrary to controlling law on coverage (briefed in **III**., supra) which requires determining coverage by comparing the policies' coverage provisions to all of the *allegations* of the complaints against Insureds in the UA. Skulrak's 1/26/18 letter discloses no consideration of the allegations in Louderbacks' complaints in UA which assert that

15

LLC locking LLC's gate deprived the Louderbacks of use of Louderbacks' 793 acres.

SAC in UA alleges that, because LLC locked its gate, the Louderbacks (allegedly)

cannot reach, enjoy, or show for sale, their 793 acres, or use their alleged easement to

cross LLC land to reach their 793 acres.  Nor does Skulrak letter's letter address the

allegations in SAC in UA, which assert that Insureds made alleged slanderous

statements about John Louderback, plaintiff in the UA.  Though the Skulrak letter

quotes a 2.j.(1) policy exclusion, Skulrak admitted, in deposition, that the 2.j.(1)

exclusion isn't applicable. (Brightdec, **Ex. A**)

The DISCUSSION section of Skulrak's 1/26/18 letter, pages 6 & 7,  errs in

saying UA Complaint's  allegations-- that LLC's locking LLC's gate was wrongful,

and has prevented Louderbacks from reaching, using and selling their 793 acres -- is

not a covered "occurrence".  The policies define "occurrence" to mean an *accident*.

But Skulrak's letter fails to consider that the Merriam-Webster dictionary definition of

*accident* is "*an unfortunate event",* fails to consider LLC locking its gate is an *event*,

and fails to consider that it is *unfortunate* the Louderback plaintiffs do not agree that

LLC has a right to lock its gate.  Yet in deposition, Ms. Skulrak admitted  (see

admissions O-Q, supra) that an *accident* under the policy, by the Merriam-Webster

dictionary definition of accident, need only be an *unfortunate event*; conceded LLC

locking its gate was an *event*; and agreed that Louderbacks suing Insureds, denying

that LLC had a right to lock LLC's gate, was *unfortunate*. (See Bright Dec, **Exhibit
C**, for Merriam-Webster definition of *accident* as "*an unfortunate event".*

## V.    TRAVELERS HAS A DUTY TO DEFEND AND INDEMNIFY ITS INSUREDS, UNDER  POLICIES' *"LOSS OF USE OF TANGIBLE PROPERTY THAT IS NOT DAMAGED"*  (<u>COVERAGE A</u>) PROVISIONS

Travelers have a duty to defend/indemnify Insureds, pursuant to the "loss of Use of Tangible Property that is Not Damage" coverage provision of the policies here at issue.  Travelers and Insureds agree that the Commercial General Liability Coverage form ("CGL"), pages 1 to 16, is the controlling portion of the policies in determining coverage for Insureds in the UA.  Applicable here are Coverages A and B of these policies.

Coverage A, at page 1, provides that Travelers, the insurer, "…will pay those sums the insured becomes legally obligated to pay as damages because of … "<u>property damage</u>" to which this insurance applies…"   Thus, the Travelers Policy provides coverage for "<u>property damage</u>".  The Policy, at CG 00 01 10 01, page 15 of 16, Definitions of Terms, defines "property damage" as follows:

"17.  "**Property damage**" means:…
        b.  <u>Loss of use of tangible property that is not physically injured</u>. All such loss of use shall be deemed to occur at the time of the 'occurrence' that caused it."

The policies at issue don't define the words *tangible* or *property,* in the coverage phrase "Loss of use of *tangible property*…".  But Merriam-Webster's online dictionary defines *tangible* to mean: *capable of being appraised at an actual or approximate value*, and *property* to mean: *something (as an interest, money or land) that is owned or possessed.* (<u>Exhibit D</u> to BrightDec hereto are the relevant pages of the Merriam-Webster online dictionary). The Louderbacks' 793 acres is undeniably

17

tangible property.

CGL at page 15 defines *suit* to mean "a civil proceeding in which damages because of …'property damage' or 'personal and advertising injury' to which this insurance applies are alleged."  Comparing this coverage language from the policies at issue to SAC, especially to SAC ¶¶ 372 to 376, 383, 394, 410, 411, 412, 414, 417, 419, 467, and 520, in UA, establishes that SAC's alleged **property damage** claim falls within the coverage provisions, of the policies at issue, for "property damage".

Louderbacks' 95 page SAC in UA, alleges that Louderbacks' 793 acres is "landlocked," accessible only by crossing LLC land, to get to/from the 793 acres. SAC alleges that SAC Exhibit 13 (a 1972 recorded document titled "Right of Way") is a deeded easement, entitling Louderbacks to cross LLC land, to go to/from Loouderbcks' 793 acres.  SAC alleges that LLC has locked LLC's gate, which prevents Louderbacks, Louderbacks' real estate agent Nowlin, and Louderbacks other unnamed invitees, from crossing LLC land to get to/from Louderbacks' 793 acres, and that this obstruction by Insureds, of the alleged easement road, has resulted in Louderbacks' loss of use and enjoyment of the 793 acres, and prevented showing their 793 acres to prospective buyers. In short, the 95 page SAC claims Louderbacks have lost the use of their 793 acres, because they and their invitees cannot get to and from the 793 acres, due to LLC locking LLC's gate.  That is a claim of **loss of use** of the Louderbacks' property, allegedly arising from Insureds' conduct, alleged in SAC to be wrongful, and in violation of Louderbacks' alleged deeded easement, SAC Exhibit 13.

The Louderbacks' SAC in the UA seeks alleged damages of over $500,000, for alleged loss of use/enjoyment of Louderbacks' 793 acres, including inability to use the alleged easement to reach, show and sell their 793 acres.

The express policy language, quoted immediately supra, says loss of use is covered even if the property in question isn't damaged.  Construing similar policy coverage language, *Borg v. Transamerica Ins. Co.,* (1996) 47 Cal.App.4th 448, 457, found that insureds there were covered under the policies there at issue.  Likewise, where an insured negligently caused a fire on his own business property and the fire department ordered neighboring businesses to close for safety reasons while it fought the fire, even if none of the neighboring businesses was physically damaged, the period of time they were closed constitutes "loss of use of tangible property" and thus "property damage" under a liability policy. See *Amtel Corp. v. St. Paul Fire & Marine Ins. Co.*, 430 F.Supp.2d 989, 993 (ND Cal. 2006).

Every one of SAC's 7 COAs (from the quiet title 1st COA, through the 7th COA for alleged interference with prospective economic advantage that Louderbacks' real estate agent cannot show the 793 acres to prospective buyers) is based on Louderbacks' allegations, in SAC, that Louderbacks can't reach or show prospective buyers their 793 acres, because LLC/March/Bright have prevented Louderbacks from getting to and from their 793 acres. Thus Travelers' "loss of use" policy coverage language applies, requiring Travelers to defend/indemnify Insureds, on all COA's asserted in the complaints in the UA. Nor does any exclusion to coverage, in the

19

policies at issue, apply, to preclude Insureds from coverage, 23

## VI.    TRAVELERS ALSO HAVE A DUTY TO DEFEND/INDEMNIFY INSUREDS, PURSUANT TO *"PERSONAL AND ADVERTISING INJURY"* PROVISIONS (<u>COVERAGE B</u>) OF TRAVELERS' POLICIES

The "personal and advertising injury liability" coverage provisions of the

policies in issue also require Travelers to defend and indemnify Insureds.

Look again at FAC/SAC paragraphs 372 to 376, 383, 394, 410, 411, 412, 414, 417,

419, 467, and 520, and compare these allegations to the policies at issue, especially to

Coverage B, for PERSONAL AND ADVERTISING INJURY LIABILITY, at CGL

page 5, as amended. Here again, Travelers has a duty to defend and indemnify

Insureds in UA.  Policy Section B 1. provides that Travelers will pay those sums

Insureds become legally obligated to pay as damages because of "personal and

advertising injury" to which this insurance applies. An amendment to CGL coded as

CG D4 71 01 15, at page 4 of 4, under the heading G. ADDITIONAL DEFINITIONS,

defines "personal injury" to mean, inter alia:

> "(1) <u>Oral</u> or written <u>**publication**</u>,…of <u>**material**</u> that <u>**slanders**</u> or libels a <u>**person**</u> or organization…provided that the claim is made or the "suit" is bought by a <u>**person**</u> …that <u>**claims to have been slandered**</u> or libeled…" .

Paragraphs 417, 419, 467 and 520 of the SAC in the UA allege that Insureds slandered

Plaintiffs [John and Jacqueline Louderback] in UA.  SAC ¶381 alleges:

> "381. Defendants acted in bad faith in <u>**inventing and disseminating false narratives regarding Plaintiffs**</u> and their access road easement".

SAC ¶417 alleges likewise.  SAC ¶383 alleges:

20

"383.  After Plaintiffs and their guests an invitees regularly used the access road easement, without permission or consent of Defendants, for well over five years, **Defendants invented the false narrative about a 'deeded easement' and falsely attributed that phrase to plaintiff John R. Louderback**".

SAC ¶419 makes exactly the same allegation.  SAC ¶227 alleges that:

"227.  …… She [March] **invented a false narrative regarding a document she refers to as a 'deeded easement.'  John R. Louderback never made a statement to Kathleen P. March using the phrase 'deeded easement'**."

These are slander allegations in the UA, alleging March said false things about John Louderback, in the course of March running LLC, as LLC's managing member.

The fact that the UA doesn't allege a COA for slander or libel does not determine coverage. The foregoing allegations from the complaints in the UA trigger coverage, meaning Travelers' duty to defend/indemnify, where as here the alleged "facts" might give rise to a covered claim, e.g. defamation.  *See Pension Trust Fund for Operating Engineers v. Federal Ins. Co.*, 307 F.3d 944, 951–952 (9th Cir. 2002), discussing *Barnett v. Fireman's Fund Ins. Co*., (2001) 90 Cal.App.4th 500. Again, in *Barnett, supra* at 510, the court rejected the insurance company's argument that it had no duty to defend the insured under a liability policy that provided coverage for defamation because the underlying complaint did not state a cause of action for defamation.  Rather, the duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim, regardless of the cause of action pleaded in the underlying action. See *CNA Casualty of California v. Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 606-607, disapproved on another point in *Montrose*

21

*Chemical Corp. v. Superior Court, supra*, at pp. 296-298.  In *Montrose*, the

complaints in the underlying action alleged appellants told third persons that

MedPartners' methods of doing business were flawed and would result in its failure,

disparaging/damaging MedPartners and SCMC.

The tort of defamation involves an unprivileged publication that is false and

defamatory and has a natural tendency to injure or that causes special damage. See CA

Civil Code §§ 45 and 46. The verified SAC in the UA contains numerous allegations

that the Insureds made false statements to third parties about the Louderbacks,

allegedly damaging their dealings with contractors and law enforcement.  For

example, ¶¶ 267 to 268 of the SAC in UA allege:

> "267. **Defendants have widely disseminated their false statements to third
> parties** throughout Santa Barbara County, Los Angeles County, and elsewhere
> with the purpose of misrepresenting the status of the access road and easement
> rights which provide for access to and from the 793 acres over the Walking U
> Ranch.
> 268. **As a result of those publications, Plaintiffs have suffered damage,
> including an inability to hire contractors, improperly prejudicing law
> enforcement personnel against Plaintiffs and their claims, an unjustified
> decrease in the market value of the 793 acres due to the cloud created on
> title** as a result of Defendants' conduct, inability to market and sell the 793 acres
> due to the lack of access using the easement over the Walking U Ranch, and
> attorneys' fees, expert fees, and costs incurred in clearing the slandered title
> caused by Defendants."

As in *Barnett*, supra, Travelers has a duty to defend Insureds in UA, under the

defamation coverage of the policies at issue.

## VII.   TRAVELERS HAS A DUTY TO DEFEND/INDEMNIFY UNDER THE

**POLICY BASED ON SAC'S COA FOR SLANDER OF TITLE**

Travelers cites *Truck Ins. Exchange v. Bennett*, (1997) 53 Cal.App.4th 75, 84, ("*Bennett*") for the proposition that slander of title is not considered defamation under the coverage for defamation under a liability policy. Travelers' argument ignores the material differences in terms between the policy in *Bennett* and the policies here. *Bennett* found that, in the context of the policy language there, the words "defamatory" and "disparaging" referred only to defamation or disparagement of a person. In this case, the scope of coverage for defamation is far broader. The policies here provide defamation coverage as follows:

> "Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;…"

Thus, the policy language here covers not just disparagement of people (which was all the policy language in *Bennett* covered), but additionally covers disparagement of organizations, goods, products and services, which is broad enough language to cover disparagement of title to land, as alleged in the UA. In addition, **Coverage A** in the policies at issue applies to the slander of title COA, as explained above at **V**. supra.

## VIII. SAC IN UA ALSO ALLEGES DAMAGES FOR NUISANCE, TRIGGERING PLAINTIFFS' DUTY TO DEFEND/INDEMNIFY

California Civil Code §3479 defines "nuisance" as follows:

"Anything which is …an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property, or unlawfully

23

obstructs the free passage or use, in the customary manner, of any navigable lake, or river, bay, stream, canal, or basin, or any public park, square, street, or highway, is a nuisance."

SAC in the UA alleges a cause of action for nuisance against the Insureds, for locking LLC's gate, thereby preventing the Louderbacks from reaching/using their 793 acres.  Travelers must defend/indemnify Insureds because Insureds could be held liable for an *accident* (*unfortunate event* of locking gate) which caused the alleged nuisance.  *Allstate Ins. Co. v. Vavasour*, 797 F.Supp. 785 (N.D. Cal. 1992), which involved the alleged tort of trespass and found that the insurer had a duty to defend, is on point.  The Court held:

> "Under California law, an individual may be held liable for trespass only for conduct that is either negligent, reckless or intentional, or the product of ultrahazardous activity. *Armitage v. Decker*, (1990) 218 Cal.App.3d 887; *Dufour v. Henry J. Kaiser Co.*,(1963) 215 Cal.App.2d 26, 30. Trespass is not merely an intentional tort. These principles mean that an absence of intent to trespass in driving in and out of their driveway may render the alleged trespass "accidental." For this reason, Allstate's argument that coverage is barred because the Vavasours' conduct can only be characterized as intentional is unavailing."

Here as there, the allegations of Louderbacks' SAC in UA trigger Plaintiffs' duty to defend/indemnify Insureds in the UA under Coverage A.   See **V**. supra..

**IX.    THE COURT SHOULD <u>DENY</u> TRAVELERS MSJ, BASED ON CONTROLLING LAW RE COVERAGE, THE COVERAGE LANGUAGE IN THE POLICIES AT ISSUE,  THE ALLEGATIONS  OF SAC IN UA, AND SKULRAK'S DEPOSITION ADMISSIONS; AND SHOULD APPLY FRCP RULE 56(f), TO <u>GRANT SUMMARY</u>**

24

**JUDGMENT IN FAVOR OF INSUREDS**

The Court should **deny** Travelers' MSJ, and should apply FRCP Rule 56(f) to grant summary judgment **in favor of Insureds**, that Travelers owes a duty to defend and indemnify Insureds, in UA. The coverage language of the policies at issue, insuring Insureds against liability claims made by third persons, when compared to the allegations of Louderbacks' SAC in UA, establishes that Travelers owes Insureds a duty to defend Insureds in UA, and to indemnify insureds in UA, if a judgment were in future to be entered against Insureds in UA. As discussed in **V., VI., VII.**, and **VIII.**, supra, several different policy coverage provisions apply:  (1) "loss of use of tangible property that is not damaged" under **Coverage A**, applicable to all 7 COAs of SAC in UA; (2) personal and advertising injury (aka defamation) under **Coverage B**; (3) coverage for SAC's alleged nuisance COA; and (4) coverage for alleged slander of title COA of UA.  Ms. Skulrak's deposition admissions further confirm Travelers's duty to defend/indemnify Insureds in UA.

## X.   CONCLUSION

The Court should **deny** Travelers' MSJ, and should apply FRCP Rule 56(f) and *Cool Fuel*, to **grant summary judgment in favor of Insureds** LLC, March and Bright, to hold that the Travelers Insurers have a duty to defend and indemnify Insureds, in the Louderbacks' UA against Insureds.

Dated:  July 12, 2018                    WAGNER, ANDERSON & BRIGHT

                                         _____/s/Patrick F. Bright_____
                                         By Patrick F. Bright, Esq., counsel for Insureds

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 10524 W. Pico Boulevard, Suite 214, Los Angeles, CA 90064. On July 12, 2018, I served the foregoing document described as:

DEFENDANTS' OPPOSITION TO TRAVELERS MOTION FOR SUMMARY JUDGMENT, WITH FRCP RULE 56(F) REQUEST OF DEFENDANTS

[X]    **BY ELECTRONIC SERVICE/CM-ECF: I caused the foregoing document to be electronically served via CM/ECF for the United States District Court, Central District of California upon all parties listed on the court docket for this case, including Travelers' Attorney of record Mark D. Peterson, Esq. sent to Petersons' email: markpeterson@catespeterson.com**

I declare under penalty of perjury pursuant to the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 12, 2018, at Los Angeles, California.

Tiffany Sterling