| | | | | |
|---|---|---|---|---|
| | CIVIL MINUTES - GENERAL | | | "O" |
| Case No. | 2:18-cv-02482-CAS(PJWx) | | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Mark Peterson | | Patrick Bright<br>Kathleen March |

**Proceedings:** PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Dkt. 19, filed June 15, 2018)

PLAINTIFFS' MOTION TO COMPEL ARBITRATION (Dkt. 21, filed June 15, 2018)

## I. INTRODUCTION

On March 27, 2018, plaintiffs Travelers Indemnity Company of Connecticut and Travelers Casualty Insurance Company of America (collectively, "Travelers") filed a complaint in the instant action against defendants Walking U Ranch, LLC, Kathleen P. March, Patrick F. Bright, and Does 1 through 10 inclusive (collectively, the "Insureds" or "defendants"). Dkt. 1 ("Compl."). Travelers seeks declaratory relief that, pursuant to four agribusiness liability insurance policies governing the Insureds' property, Travelers does not owe a duty to defend the Insureds in an underlying state court quiet title action.

On May 14, 2018, the Insureds filed an answer and asserted counterclaims against Travelers for (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, and (3) unfair, deceptive, unlawful, and fraudulent business practices in violation of California Business & Profession Code § 17200 et seq. Dkt. 12 ("CC"). The gravamen of the Insureds' counterclaims is that Travelers failed to timely and unconditionally defend the Insureds in the underlying state court action; unreasonably withheld policy benefits due to the Insureds—such as attorneys' fees for the Insureds' independent counsel; and unlawfully placed Travelers' interests ahead of the interests of the Insureds. See CC.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

On June 15, 2018, Travelers filed a motion for summary judgment, dkt. 19 ("MSJ"), and filed a statement of undisputed facts in support thereof, dkt. 19–1 ("DSUF"). On July 16, 2018, the Insureds filed an opposition, dkt. 24 ("Opp'n"), and filed a separate statement of facts in support thereof, dkt. 24–1 ("PSF"). Travelers filed a reply on July 23, 2018, dkt. 27 ("Reply"), and also filed a reply to the Insureds' separate statement of facts, dkt. 29 ("DSUF Reply"). On the same day, Travelers filed evidentiary objections to the Insureds' opposition.[1] Dkt. 30. ("Objections"). On August 2, 2018, the Insureds filed a "supplementary authority" in opposition to Travelers' motion, dkt. 33, and Travelers filed a response to the supplementary filing, dkt. 34.[2]

On June 15, 2018, Travelers filed a motion to compel arbitration. Dkt. 21 ("Motion to Compel"). On July 16, 2018, the Insureds filed an opposition. Dkt. 25 ("Compel Opp'n"). Travelers filed a reply on July 23, 2018, dkt. 31 ("Compel Reply"), along with objections to the Declaration of Kathleen P. March filed in support of the Insureds' opposition, dkt. 32 ("Objections Compel").[3]

On August 6, 2018, the Court held a hearing. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless noted, the Court references only facts that are uncontroverted and as to which evidentiary objections have been overruled.

---

[1]   Travelers objects to the introduction of the Insureds' Exhibit A—submitted with the Declaration of Patrick F. Bright—which contains the "condensed transcript of the deposition of Melissa Skulrak," for failure to comply with Local Rules 16–2.7 and 32–1. See Objections. Because the Court does not rely on Exhibit A for purposes of its analysis *infra*, the Court need not consider Travelers' objections.

[2]   The Court does not rely on either of these supplementary filings for purposes of its analysis *infra*.

[3]   Because the Court does not consider the Declaration of Kathleen P. March for purposes of its analysis concerning Travelers' motion to compel arbitration, the Court does not rule on Travelers' objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

**A.  The Travelers Primary and Excess Policies**

From February 1, 2017, to February 1, 2018, Travelers Primary issued the Insureds Agribusiness Policy No. 700-5F087056-TCT-17. DSUF no. 4; MSJ & Ex. 3 (the "Primary Policy"). From February 1, 2017, to February 1, 2018, Travelers Excess issued the Insureds policy No. EX-5F087056-17-93. DSUF no. 5; MSJ & Ex. 4 (the "Excess Policy"). Travelers also issued defendants substantively identical Primary and Excess policies for the period February 1, 2016 to February 1, 2017. DSUF no. 6; MSJ & Exs. 1–2. The parties agree that the Court's findings regarding the February 1, 2017 policies would apply equally to the February 1, 2016, predecessor policies. DSUF no. 7.

It is undisputed that the Excess Policy states that it does not provide *any* defense to a claim or suit:

> [Travelers] will have no duty to defend any claim or "suit" regardless of whether the claim or "suit" is for damages to which this insurance applies.

DSUF no. 8. In contrast, Primary Policy's Coverage A provides that Travelers will have a duty to defend a suit seeking damages for "bodily injury" and "property damage," insofar as these injuries are caused by an "occurrence." DSUF no. 9; Primary Policy at 77. The Primary Policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." DSUF no. 10; Primary Policy at 90. It also defines "property damage" as

> **a.** Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
> **b.** Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

DSUF no. 10; Primary Policy at 90–91.

Primary Policy's Coverage B also affords coverage for "personal and advertising injury," and states that Travelers will have a duty to defend an insured against any suit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

seeking damages for this type of injury. DSUF no. 11; Primary Policy at 81. Coverage B defines "personal injury" as an

> **(4)** Oral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the "suit" is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged;
>
> …

DSUF no. 12; Primary Policy at 98.

    **B.**    **The Underlying Action**

On December 12, 2017, the Insureds were sued in <u>John R. Louderback, et al. v. Walking U Ranch, LLC, et al.</u>, Santa Barbara Superior Court Case No. 17-CV-05630 ("the Underlying Action"). DSUF no. 13. The plaintiffs in the Underlying Action, John R. Louderback and Jacqueline M. Louderback (the "Louderbacks"), allege that they own 793 acres of land in Santa Barbara County and are entitled to use of an easement for access to that land by way of the Walking U Ranch property, the neighboring 989-acre ranch. DSUF no. 14. The Walking U Ranch is owned by defendant Walking U Ranch, LLC, which in turn is owned by defendants Kathleen P. March and Patrick Bright, who are husband and wife. <u>Id.</u>

In the Second Amended Complaint—the operative complaint in the Underlying Action—the Louderbacks allege claims for quiet title, declaratory relief, interference with easement, nuisance, slander of title, unfair competition and unfair business practices, and intentional interference with prospective economic relations. See Opp'n at & Ex. B. In particular, the Underlying Action alleges that a recorded access road easement burdening the Walking U Ranch property has existed for decades, and that this easement provided the only access to the Louderbacks' neighboring and otherwise land-locked property. DSUF no. 15; see Opp'n & Ex. B. The Underlying Action further alleges that the Insureds in the present action purchased the Walking U property in 2010, that the Insureds disputed the validity of the alleged access road easement, and that the Insureds proceeded to lock an access gate on March 25, 2017, barring the Louderbacks from using

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

the easement and from reaching their property or showing their property to prospective buyers. Id.

In December 2017, the Insureds tendered the Underlying Action to Travelers for defense and indemnity. DSUF no. 17. On January 11, 2018, Travelers orally informed Bright that Travelers would defend the Insureds under a reservation of rights, and on or about January 26, 2018, Travelers Primary agreed in writing to defend the Insureds, subject to a full reservations of rights. DSUF no. 18. Presently, Travelers has paid $52,316 for the Insureds' defense in the Underlying Action. DSUF no. 19.

The parties disagree as to whether the Primary Policy requires Travelers to defend the Insureds with respect to the Underlying Action.

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

In moving for summary judgment, Travelers contends that the Underlying Action does not implicate *any* potential for liability covered under the Policies, and asserts that Travelers is entitled to summary adjudication of its claim for declaratory relief. See MSJ.

### A. Duty to Defend

An insurer "faces an uphill battle from the beginning because the duty to defend in California is extensive." Hudson Ins. Co. v. Colony Ins. Co., 624 F.3d 1264, 1267 (9th Cir. 2010). Under California law, "a liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity. . . . [T]he carrier must defend a suit which *potentially* seeks damages within the coverage of the policy." Montrose Chem. Corp. v. Superior Court, 6 Cal.4th 287, 299 (1993) (emphasis in original) (citation omitted). Thus, a defense is excused only when "the third party complaint can *by no conceivable theory raise a single issue* which could bring it within the policy coverage." Id. at 295 (emphasis in original). "To determine whether the insurer owes a duty to defend, the court must compare the allegations of the underlying complaint with the terms of the policy." Reese v. Travelers Ins. Co., 129 F.3d 1056, 1060 (9th Cir. 1997) (citing Montrose, 6 Cal.4th at 295). Any ambiguity in the insurance policy, including in the exclusions, must be resolved in favor of finding coverage; and "[a]ny doubt as to whether the facts establish the existence of the defense duty must be resolved in the insured's favor." Montrose, 6 Cal.4th at 299–300.

As the party moving for summary judgment, Travelers must conclusively establish the absence of any potential for coverage under the Policies. See Montrose, 6 Cal.4th 387 at 300. In turn, as the party moving for summary judgment under Federal Rule of Civil Procedure 56(f), the Insureds must make a *prima facie* showing that there is potential coverage for the underlying action within the terms of the policy. See Anthem Elec., Inc. v. Pacific Employers Ins. Co., 302 F.3d 1049, 1055 (9th Cir. 2002). "Once a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

*prima facie* showing is made that the underlying action fell within coverage provisions, an insurer may defeat a motion for summary judgment only by producing undisputed extrinsic evidence conclusively eliminating the potential for coverage under the policy." Id. (citing Maryland Cas. Co. v. National American Ins. Co. of Cal., 48 Cal. App. 4th 1822, 1832 (1996)). "Merely raising a triable issue of material fact will not defeat summary judgment in this instance." PMA Capital Ins. Co. v. Am. Safety Indem. Co., 695 F. Supp. 2d 1124, 1125 (E.D. Cal. 2010). Rather, as noted, the insurer must "conclusively . . . negate coverage as a matter of law." Anthem, 302 F.3d at 1060.

At the outset of the instant motion, Travelers contends that there is "no coverage policy" for any of the alleged acts or harm in the Underlying Action. MSJ at at 12–13. First, Travelers contends that Coverage A of the Primary Policy provides coverage for certain types of "bodily injury" or "property damage" caused by an accident or an "occurrence." Id. Travelers asserts that there is no assertion of any "bodily injury" in the Underlying Action. Id at 14. In particular, Travelers argues that easements rights are not "tangible property," and thus damage to easement rights cannot be the basis of a claim for "property damage" coverage under the policy. Id. at 14–15 (citing Kazi v. State Farm Fire and Casualty Company, 24 Cal. 4th 871, 875 (2001) ("an insurer providing a liability policy that covers damage to tangible property on the insured's premises has no duty to defend an easement dispute").

Furthermore, Travelers argues that there is no potential coverage under Coverage B of the Primary Policy, which provides coverage for "personal injury" or "advertising injury" liability. Id. at 16. Travelers asserts that plaintiffs in the Underlying Action do not allege a covered personal injury, i.e., false arrest, malicious prosecution, wrongful eviction from the right of private occupancy of a room, slander of a person, or misappropriation of likeness. Id. at 17. Although the term "disparaging" in Coverage B's personal injury liability clause applies to defamation of a person's reputation, Travelers argues that this term does not apply to an action for disparagement or slander of title to property. Id. at 17–18 (citing Truck Insurance Exchange v. Bennett, 53 Cal. App. 4t 75, 84 (1997)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

Last, because it believes it does not owe the Insureds a duty to defend, Travelers argues that it is entitled to a reimbursement of all defense fees and costs.[4] Id. at 18–20.

In opposition, the Insureds argue that Travelers has a duty to defend and indemnify the three named Insureds, and that the Court should therefore apply Federal Rule of Civil Procedure 56(f) and grant summary judgment in the Insureds' favor. See Opp'n. In particular, the Insureds argue that Travelers fails to demonstrate the absence of *any* remote possibility of coverage, and that Travelers fails to point to any express exclusion in the Policies at issue. Id. at 9.

With respect to Coverage A, the Insureds argue that, in contrast to the decisions in Kazi and Gunderson v. Fire Ins. Exchange, 37 Cal. App. 4th 1106 (1995)—which concerned policies that required physical injury to tangible property in order for coverage to issue—the Primary Policy in this case is distinguishable, as it defines "property damage" as "[l]oss of use of tangible property *that is not physically injured*." Id. at 10 (emphasis added). Given their assertion that Kazi and Gunderson are distinguishable, the Insureds contend that "every one of [the] SAC's [seven causes of action]" is "based on Louderbacks' allegations…that [they cannot] reach or show prospective buyers their 793 acres," and as such, Travelers' "loss of use" Primary Policy language applies and Travelers must defend and indemnify the Insureds.[5] Id. at 17–19.

The Insureds further argue that Travelers has a duty to defend and indemnify the Insureds pursuant to the "personal and advertising injury" provisions provided in Coverage B of the Primary Policy. Id. at 20. The Insureds contend that the Underlying Action contains "slander allegations" that March publicly made false assertions about

---

[4] In addition, Travelers requests summary judgment with respect to the Insureds' counterclaims for breach of contract, breach of implied covenant of good faith and fair dealing, and unfair competition, on the grounds that because Travelers owes no duty to defend the Insureds, Travelers cannot be responsible for a breach of contract or be liable for the derivative claims of breach of implied covenant of good faith and fair dealing and unfair competition. MSJ at 21–23.

[5] The Insureds also argue that Travelers' assigned claims adjuster, Melissa A. Skulrak, admitted during her deposition that coverage exists under Coverage A, and they argue that coverage exists under Coverage A insofar as the Underlying Action alleges damages for nuisance. Opp'n at 11–16, 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

John Louderback and his belief concerning the access road easement. Id. at 20–21. The Insureds reiterate that although the Underlying Action does not allege a cause of action for slander or libel, this does not determine coverage, as the allegations could nevertheless give rise to a coverage claim such as defamation. Id. at 21 (citing Pension Trust Fund for Operating Engineers v. Federal Ins. Co., 307 F.3d 944, 951–952 (9th Cir. 2002)). The Insureds argue that the tort of defamation involves an "unprivileged publication that is false and defamatory and has a natural tendency to injure or that causes special damage," and that here, the allegations in the Underlying Action allege that the Insureds made "false statements to third parties about the Louderbacks, allegedly damaging their dealings with contractors and law enforcement."[6] Id. at 22.

In reply, Travelers contends that there is no potential coverage under Coverage A of the Primary Policy insofar as the Louderbacks do not seek damages for property damage *caused by an accident*. Id. at 6. In particular, Coverage A provides that insurance coverage applies to "bodily injury" and "property damage" only if the bodily injury or property damage is caused by an "occurrence," which means "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Id. (citing Primary Policy at 91). Here, Travelers argues that the Louderbacks are not suing for loss of their tangible property, but for the loss of an intangible *easement*—the loss of which is not property damage to tangible property—and that there was no accident, only the Insureds' purposeful and intentional locking of the gate to the easement. Id. at 6–7.

With respect to Coverage B of the Primary Policy, Travelers argues that the Louderbacks do not seek damages in the Underlying Action due to any alleged "personal injury" or "advertising injury," and as such, Coverage B is inapplicable. Id. at 11. Travelers contends that the Louderbacks do not assert claims for defamation, libel, or slander in the Underlying Action, and that while the Louderbacks do allege that the

---

[6] The Insureds further argue that Travelers has a duty to defend and indemnify under Coverage B based on the Underlying Action's cause of action for slander of title. Id. at 22–23. Here, the Insureds contend, policy coverage exists for material that "slanders or libels a person or organization or disparages a person's or organization's goods, products, or services," and they argue that this policy language covers not just defamation of people, but disparagement of "goods, products and services," which is broad enough to cover disparagement of title to land. Id. at 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

Insureds made false statements about the Louderbacks' rights in the disputed easement, the Louderbacks do not allege claims or claim damages for any injuries to their *personal* reputations. Id. at 12–13. Travelers concedes that while it is true that a mere title to a cause of action does not determine whether that claim is covered, "[w]hat does determine whether a lawsuit may be covered…is whether it seeks 'damages' against the Insureds 'because of' a covered loss." Id. at 13. Here, Travelers argues, the Louderbacks do not seek damages for harm to their reputation, and as such, the Underlying Action does not satisfy the requirements for personal injury under Coverage B.[7] Id.

### 1. Potential Coverage under the Primary Policy

As an initial matter, the Court notes that the parties do not dispute that the alleged conduct in the Underlying Action took place during the policy periods under the Primary and Excess Policies. Moreover, Travelers concedes that the instant motion is not premised on any exclusion coverage listed in the Policies. See Reply at 15.

With respect to Travelers' duty to defend the Insureds, a leading treatise on insurance law notes that an insurer "must defend a suit which *potentially* seeks damages within the coverage of the policy." Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶ 7:520 (citing Gray v. Zurich Ins. Co., 65 Cal.2d 263, 275 (1966) (emphasis in original)). Even when a *single* claim among several claims is potentially covered, "the insurer ordinarily must defend the entire action." Id. ¶ 7:530 (citing Buss v. Superior Court, 16 Cal.4th 34, 48 (1997)).

In determining Travelers' duty to defend, the Court first considers the Insureds' contention that the operative complaint in the Underlying Action alleges defamation, and that these allegations invoke coverage under the Primary Policy's "personal injury" provision in Coverage B. The Ninth Circuit's opinion in Pension Trust Fund, 307 F.3d 944 at 951–52, is instructive with respect to this issue. In reversing a district court's grant of summary judgment in favor of an insurer, the Ninth Circuit considered whether

---

[7] With respect to the Insureds' argument that the claim for slander of title is covered because it involves the publication of material that "disparages a person's or organization's goods, products, or services," Travelers contends that the Insureds are not being sued for disparaging any good, products, or services, insofar as the lawsuit concerns an *easement*, an intangible right that is not the Louderbacks' good, product, or service. Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

the record demonstrated a *potential claim* in an underlying action that could give rise to a duty to defend. The Ninth Circuit noted that the "duty to defend does not usually turn on whether facts supporting a covered claim predominate or generate the claim," and that "[i]nstead, California courts have repeatedly found that remote facts buried within causes of action that may potentially give rise to coverage are sufficient to invoke the defense duty." Pension Trust Fund, 307 F.3d 944 at 951 (citations omitted). As such, in order to determine whether an insurer has a duty to defend, the proper inquiry concerns the *potential* for liability as alleged in the underlying complaint, and not just the potential for liability as demonstrated in the titles of the claims alleged. See Horace Mann Ins. Co. v. Barbara B., 4 Cal.4th 1076, 1084 (1993), as modified on denial of reh'g (May 13, 1993) (observing that in determining the duty to defend, "[w]e look not to whether noncovered acts predominate in the third party's action, but rather to whether there is *any* potential for liability under the policy"); Barnett v. Fireman's Fund Ins. Co, 90 Cal. App. 4th 500 (2001) (noting that "the duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim regardless of the technical legal cause of action pleaded by the third party"); CNA Cas. of Cal. v. Seaboard Sur. Co., 176 Cal. App. 3d 598 (observing that an insurer must defend a suit that "potentially seeks damages within the coverage of the policy," as "pleadings are malleable, changeable and amendable," and noting that "doubt as to whether the duty to defend exists must be resolved in favor of the insured"); Dobrin v. Allstate Ins. Co., 897 F. Supp. 442, 444 (C.D. Cal. 1995) (noting that although the third-party complaint did not specifically state "libel," "slander," or "publication of material damage to one's reputation" as a cause of action, because the complaint alleged public misrepresentations that were damaging to the defendant's business reputation, the insurer owed a duty to defend insofar as a potential claim for personal injury existed and the complaint could be amended to include this claim).

The Court has reviewed the Underlying Action's operative complaint to determine whether the allegations demonstrate any potential for liability under the Primary Policy. The Court notes that a number of allegations demonstrate potentially defamatory remarks concerning the Louderbacks. For example, the Louderbacks allege that in a voicemail to Dave Goller, a contractor whom John Louderback had hired to grade the disputed access road on the Walking U Ranch, defendant March stated that "[John] Louderback lies to practically everybody" and "[John] Louderback stiffs everybody that tries to do business with him, as far as I know." Opp'n & Ex. B ¶ 250. The Louderbacks assert that the Insureds disseminated "false narratives regarding [p]laintiffs and their access road

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

easement." Id. ¶ 381. Furthermore, the Louderbacks allege that as a result of the Insureds' publications, "[p]laintiffs have suffered damage, including an inability to hire contractors, [and] improper[] prejudic[e] [of] law enforcement personnel against [p]laintiffs and their claims…." Id. ¶ 481.

With respect to whether these allegations demonstrate potential for liability under the Primary Policy, as noted, Coverage B's "Personal and Advertising Injury Liability" provision provides that Travelers will pay sums arising from "damages because of 'personal and advertising injury.'" Exhibit 3 at 81. In turn, "personal injury" is defined as "[o]ral or written publication, including publication by electronic means, of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services, provided that the claim is made or the 'suit' is brought by a person or organization that claims to have been slandered or libeled, or that claims to have had its goods, products or services disparaged…." Id. at 98. Under California law, defamatory remarks are those that "injure[] a person's reputation" and "invade[] the interest in personal or professional reputation and good name."[8] Truck Ins. Exch. v. Bennett, 53 Cal. App. 4th 75, 85 (1997); see Total Call Internat. Inc. v. Peerless Ins. Co., 181 Cal. App. 4th 161, 169 (2010) (observing that defamation, as opposed to slander of title, concerns injury to the reputation of a person or business). Here, because the Louderbacks allege that the Insureds' publications interfered with the Louderbacks' ability to hire contractors and prejudiced law enforcement against them, and because March allegedly stated to a third party that John Louderback was dishonest and "stiffs" his business partners, these allegations appear to allege slander of *person* and appear to implicate damage to the Louderbacks' reputations and ability to hire contractors.[9] See

---

[8] In particular, a defamation claim under California law may be asserted as a claim for slander (oral) or libel (written), and includes the following elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1369 (2010). To be considered "published," the false statement must be made to at least one person other than the defamed. Cabesuela v. Browning–Ferris Indus. of California, Inc., 68 Cal.App.4th 101, 112 (1998). The statement also must specifically refer to or concern the defamed plaintiff in some way. Blatty v. New York Times Co., 42 Cal.3d 1033, 1042 (1986).

[9] Insofar as these allegations may be ambiguous as to whether the Louderbacks allege harm to their characters or reputation, as noted *supra*, "[a]ny doubt as to whether

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

Barnett, 90 Cal. App. 4th 500 at 511, n.5 (noting that allegations concerning defamation "need not specially allege the statements were false[,]" and concluding that because "the underlying complaint alleged publication to third persons, and the content of the statements were allegedly disparaging[,] [t]hese allegations sufficed to give rise to a potentially covered claim" for defamation).

Because the aforementioned allegations reveal potential liability for slander of person for purposes of Coverage B, and because the operative complaint in the Underlying Action could be amended to assert this claim, the Insureds have demonstrated that there is potential coverage as to the Underlying Action. In turn, Travelers fails to produce undisputed evidence "conclusively eliminating the potential for coverage under the policy." Anthem, 302 F.3d 1049 at 1055. Therefore, the Court concludes that Travelers owes a duty to defend the Insureds with respect to the Underlying Action and **DENIES** Travelers' motion for summary judgment and **DENIES** Travelers' request for summary judgment as to the Insureds' counterclaims.

Given this conclusion that Travelers owes a duty to defend the Insureds, the Court **GRANTS in part** the Insureds' Rule 56(f) request.[10]

### B. Motion to Compel Arbitration

In addition to its motion for summary judgment, Travelers requests that the Court order the parties to arbitrate all disputes concerning attorneys' fees incurred in the Underlying Action, pursuant to California Civil Code § 2860(c). See Motion to Compel. In particular, Travelers asserts that in tendering a defense on behalf of the Insureds,

---

the facts establish the existence of the defense duty must be resolved in the insured's favor." Montrose, 6 Cal.4th at 299–300.

[10] Despite the Insureds' request for Rule 56(f) relief as to Travelers duty to defend *and indemnify*, the Court declines to grant summary judgment on the issue of Travelers' duty to indemnify. First, Travelers' claim for declaratory relief as to the duty to defend does not appear to encompass a request for declaratory relief as to the duty to indemnify. Second, the duty to indemnify arises "only after damages are fixed in amount (e.g., by a settlement or judgment)." Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶ 7:501. Accordingly, insofar as damages may ultimately be awarded in the Underlying Action, the Court would be precluded from determining Travelers' duty to indemnify until after that award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

Travelers invoked its mandatory arbitration rights under § 2860(c) and the parties "have agreed that the statute controls." Id. at 3; see Declaration of Melissa A. Skulrak ("Skulrak Decl.") & Ex. 6. Travelers argues that the Insureds' allegations that Travelers has failed to pay the appropriate amount of attorneys' fees—to the Cumis counsel and to Kathleen March's firm, which contracted with the Cumis counsel—are "incorporated by reference into all three claims for relief" in the Insureds' counterclaims in the present action, and as such, the Court should compel the Insureds to arbitrate the attorneys' fees dispute forthwith. Id. at 3–7 (citing Karsant Family Ltd. P'ship v. Allstate Ins. Co., No. 08-CV-01490 SI, 2009 WL 188036, at *4–6 (N.D. Cal. Jan. 27, 2009); Pepsi-Cola Metropolitan Bottling Co., Inc. v. Insurance Co. of N. Am., 2010 WL 10875087, at *10–14 (C.D. Cal. 2010) (J. Wilson); Wallis v. Centennial Ins. Co., No. 08-CV-2558-WBS-GGH, 2010 WL 2612734, at *2 (E.D. Cal. June 25, 2010)).

Moreover, Travelers argues that a stay of the Insureds' counterclaims in the present action is appropriate while the arbitration takes place because the fee dispute is central to the Insureds' counterclaims, and because the arbitrator's findings could "narrow the issues in this case." Id. at 1, 10–11.

In opposition, the Insureds argue that it would be inequitable and prejudicial to require the Insureds to "fight on [three] fronts simultaneously" and defend the Underlying Action, defend the instant action, and arbitrate with Travelers regarding the hourly rate that Travelers is required to pay the Insureds' Cumis counsel and Cumis counsel's contracted work with March and Bright, who are both attorneys. Compel Opp'n at 3–4. The Insureds urge the Court to deny the request to stay the counterclaims, arguing that Travelers' motion has "no law, or facts, to entitle Travelers to sue [the] Insured[s], but [not] allow Insureds to proceed with Insureds' [c]ounterclaim against Travelers." Id. at 6.

The Insureds further argue that Travelers' motion to compel arbitration should be denied without prejudice until the claims and counterclaims in this case have been resolved. Id. at 7. The Insureds argue that assuming that § 2860 requires the issue of attorneys' fees to be arbitrated, that provision does not require that the issue be arbitrated *now*. Id. To the contrary, the Insureds contend that California Courts of Appeal have concluded that when an insured asserts a bad faith action against an insurer, the bad faith claims must be resolved *prior* to arbitration of hourly rates. Id. at 7–8 (citing Janopaul + Block Cos. V. Superior Court, 200 Cal. App. 4th 1239, 1251 (2011); Intergulf Development LLC v. Superior Court, 183 Cal. App. 4th 16 (2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

In reply, Travelers contends that the California Court of Appeal in <u>Compulink Management Center v. St. Paul Fire and Marine Ins. Co.</u>, 169 Cal. App. 4th 289 (2008) held that adding bad faith claims to an attorneys' fee dispute does not change that "all dispute[s] concerning attorney[s'] fees" must be arbitrated. Compel Reply at 1. Moreover, Travelers argues that the Court of Appeal's decision in <u>Janopaul</u> is not applicable insofar as <u>Janopaul</u> concerned an "egregious" situation whereby the insurer delayed more than two years in agreeing to defend, thereby losing its right to rely on § 2860, and insofar as the parties in this action have already agreed that § 2860 controls. <u>Id.</u> at 1–2. Travelers further argues that because the premise of the Insureds' counterclaims is that Travelers did not pay enough in attorneys' fees, an arbitrator *must* decide that issue, and the counterclaims should be stayed until an arbitrator has resolved this dispute. <u>Id.</u> at 2.

The Court has reviewed the relevant California Court of Appeal decisions. As an initial matter, <u>Compulink</u> stands for the proposition that § 2860's arbitration provision still applies to attorneys' fees disputes in actions that include other non-arbitrable issues. However, <u>Compulink</u> does not provide guidance as to *when* an attorneys' fees dispute should be resolved when certain non-arbitrable issues, such as bad faith, are present. With respect to this point, the California Court of Appeal in <u>Janopaul</u> reasoned that when an insured files a "bad faith action for breach of contract, tortious breach of the implied covenant of good faith and fair dealing[,] and for declaratory relief," these issues must be decided by the court *before* ordering the parties to arbitrate the fee dispute. <u>Janopaul</u>, 200 Cal. App. 4th 1239 at 1249. The Court of Appeal reasoned that its decision "merely requires a preliminary determination in the trial court whether [the insurer] had a duty to defend [the insured] and if so, whether [the insurer] breached that duty and engaged in bad faith conduct." <u>Id.</u> at 1250. The Court of Appeal noted that it was "by no means *avoid[ing]* or *insulat[ing]* the issue of the amount of fees charged," and that its decision simply clarified that an insurer is required to move to arbitrate a fee dispute under § 2860 *after* the preliminary issues of breach of duty to defend and bad faith conduct are resolved. <u>Id.</u> (emphasis in original). This approach is also endorsed by Justice Croskey, who notes that an "insurer is not entitled to arbitrate a fee dispute where there is also a dispute as to whether it breached its duty to defend in the first place…The fee arbitration could result in factual findings prejudicial to the insured's breach of contract and bad faith breach of duty claims." Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶ 7:810.8 (citing <u>Intergulf</u>, 183 Cal. App. 4th 16 at 21; <u>Janopaul</u>, 200 Cal. App. 4th 1239 at 1251).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | |

With respect to Travelers' citations to district court cases in support of its motion to compel arbitration, the Court finds these cases inapposite. In <u>Pepsi-Cola Metropolitan Bottling Co., Inc. v. Insurance Co. of N. Am.</u>, 2010 WL 10875087, at *10–14 (C.D. Cal. 2010) (J. Wilson), for example, the Court discussed <u>Compulink</u> and <u>Intergulf</u> in determining whether to grant an insurer's motion to compel arbitration under § 2860. The Court noted that because the insured "did not allege that [the insurer] failed to timely acknowledge [the insured's] right to independent counsel under § 2860(c)…the dispute regarding whether [the insurer] improperly reduced [<u>Cumis</u> counsel's] billable hours and cut [counsel's] hourly rate is subject to § 2860(c) arbitration." <u>Id.</u> at 13. Accordingly, the Court granted the insured's motion to compel arbitration as to the issue of <u>Cumis</u> counsel's hourly rates. In <u>Wallis v. Centennial Ins. Co.</u>, No. 08-CV-2558-WBS-GGH, 2010 WL 2612734, at *2 (E.D. Cal. June 25, 2010), the District Court concluded that mandatory arbitration pursuant to § 2860 was warranted insofar as the insurer did not dispute that it owed the insureds a duty to defend, and there was no dispute as to the selection of independent <u>Cumis</u> counsel. Unlike the allegations in <u>Pepsi-Cola</u> and <u>Wallis</u>, the Insureds' counterclaims in this case allege that Travelers breached the Policies by failing to provide the Insureds with a timely defense of the Underlying Action, CC ¶¶ 1, 20, and by failing to act in good faith towards the Insureds in carrying out the obligations and responsibilities under the Policies, <u>id.</u> ¶¶ 1, 24. In particular, the Insureds allege that Travelers "erroneous[ly] and unreasonab[ly]" denied that it had a duty to defend the Insureds, and refused to *timely* and *unconditionally* defend Insureds in the Underlying Action insofar as defense counsel was not associated into the Underlying Action until March 3, 2018—74 days after the Insureds tendered their defense to Travelers.

Likewise, for purposes of the instant motion, Travelers' citation to <u>Karsant</u>, 2009 WL 188036, at *4–6 is not on point. In that case, the Court granted a motion to compel arbitration regarding a dispute over <u>Cumis</u> counsel fees, and rejected the insureds' argument that § 2860 should not apply to this dispute, reasoning that the insurer did not categorically refuse to accept tender of defense and "eventually agreed" to defend the Insureds. However, the Court in <u>Karsant</u> only concluded that § 2860 applied to the <u>Cumis</u> counsel fee dispute, and the Court did *not* squarely address the issue of when mandatory arbitration should occur under § 2860 in light of an insured's counterclaim alleging breach of the duty to defend.

Because the threshold issues of whether Travelers breached its duty to defend and breach the implied covenant of good faith and fair dealing remain unresolved at this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | CIVIL MINUTES - GENERAL | | "O" |
|---|---|---|---|---|
| Case No. | 2:18-cv-02482-CAS(PJWx) | | Date | August 6, 2018 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. v. WALKING U. RANCH, LLC. ET AL. | | | |

juncture, the Court will resolve these claims first to avoid the potentially prejudicial effect of an arbitrator's factual findings on these counterclaims. See Janopaul, 200 Cal. App. 4th 1239 at 1250; Croskey et al., Cal. Practice Guide: Insurance Litigation (The Rutter Group 2015) ¶ 7:810.8.

Accordingly, the Court **DENIES without prejudice** Travelers' motion to compel arbitration and **DENIES** Travelers' related request for a stay of the Insureds' counterclaims. Travelers may move to compel arbitration concerning the *amount* of Cumis counsel fees owed under § 2860 once the threshold issue of breach is determined with respect to Travelers' duty to defend.

## V.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** Travelers' motion for summary judgment and **GRANTS** the Insureds' Rule 56(f) request for summary judgment with respect to Travelers' claim for declaratory relief as to the duty to defend.

The Court **DENIES without prejudice** Travelers' motion to compel arbitration.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |