UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | MARCH 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                          Not Present

**Proceedings:**   (IN CHAMBERS) - OBJECTION OF RANCH-MARCH-BRIGHT REQUESTING DISTRICT COURT TO REVERSE "DISCOVERY SANCTION" ORDER (Dkt. 162, filed on JANUARY 21, 2022 )

## I.   INTRODUCTION

Walking U Ranch LLC ("Walking U"), Kathleen P. March, and Patrick F. Bright (collectively, "Ranch-March-Bright" or "defendants") make this objection to the Hon. District Court, pursuant to Fed. R. Civ. P ("Rule") 72(a), requesting the Court reverse the January 11, 2022 "discovery sanctions" Order of the Hon. Gail J. Standish, Magistrate Judge, presiding (the "Magistrate Judge"), dkt. 153 (the "Order"), as both clearly erroneous, and contrary to law.  Dkt. 162.  The Magistrate Judge's order requires Ranch-March-Bright to pay discovery sanctions of $2,455 to Travelers' attorney, Mark Peterson, Esq., to compensate Peterson for time he spent moving the Magistrate Judge to order March to submit to an additional 3 hour deposition.  Order at 1.

Under Rule 72(a), for nondispositive pretrial matters decided by a magistrate judge, "the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).

## II.   BACKGROUND

On September 1, 2021, the Magistrate Judge granted Travelers' motion for leave to take an additional three-hour deposition of March. Dkts. 97, 114. Travelers deposed March for 7 hours on December 1, 2020, but at that time Ranch-March-Bright were

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | MARCH 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC ET AL. | | |

withholding documents relevant to the lawsuit, which they argued were privileged. Dkt. 97. After the first deposition of March, defendants produced the documents, and Travelers requested that March stipulate to an additional deposition, limited to the newly produced documents. Id. Defendants refused. Id. Thereafter, Travelers filed a motion to compel March to sit for an additional 3-hour deposition. Id. The Magistrate Judge found that March's refusal to stipulate to Travelers' reasonable request to take a few additional hours of deposition after the documents were produced was unreasonable and granted Travelers' motion to compel. Order at 1.

In granting Travelers' motion to compel, the Magistrate Judge noted that under Rule 37(a)(5), if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Magistrate Judge found that Ranch-March-Bright's opposition to the motion to compel the deposition was "baseless" because the "[c]ourt had repeatedly made clear that Travelers would be entitled to question [] March and the other attorneys involved in the written communications that the Court had ordered produced—documents that were produced only after protracted and in the [c]ourt's view, unnecessary, litigation." Order at 1.

After giving March the opportunity to be heard on the record, as required under Rule 37(a)(5)(A), the Magistrate Judge found that as a consequence of March's refusal of Travelers' reasonable deposition request, Travelers was entitled to be awarded its reasonable expenses incurred in making the motion, including attorneys' fees for "preparation of the motion, Travelers' reply, and to prepare for and appear for oral argument." Order at 2.

### III. DISCUSSION

As required under Rule 72(a), the Court reviews the Magistrate Judge's findings in connection with its Order that (1) March's refusal to stipulate was not "substantially justified" and (2) the scope of fees under Rule 37(a)(5) can include expenses related to more than just drafting the initial motion. Id. The Court reviews each finding in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | MARCH 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC ET AL. | | |

### A.   Substantially Justified

Ranch-March-Bright argue that the Magistrate Judge's $2,455 discovery sanction order is clearly erroneous and contrary to law. Dkt. 162 at 2. Ranch-March-Bright center their argument around Rules 30(d)(1) and 37(a)(5)(A). Rule 30(d)(1) states:

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination.

Further, Rule 37(a)(5)(A)(ii) states:

> [A] court must not order [sanctions] if . . . the opposing party's nondisclosure, response, or objection was substantially justified.

According to Ranch-March-Bright, because "there was no claim, or finding, that March, or anyone else, impeded or delayed the 7 hour deposition" of March; Travelers was not entitled to additional hours of deposition testimony under Rule 30(d). Dkt. 162 at 3. Further, Ranch-March-Bright argue that they were "substantially justified" under Rule 37(a)(5) to decline to stipulate to additional deposition time because March had already given her deposition for the "full 7 hour time limit" specified in Rule 30(d)(1). As such, Ranch-March-Bright contend that the Magistrate Judge was in error to shift fees for failure to stipulate to a further deposition because the 7-hour rule automatically gives a party substantial justification to say "no" to any request for deposition time beyond the initial 7 hours. Id.

A party's conduct is substantially justified "if reasonable people could differ as to whether the party requested must comply." Reygo Pac. Corp. v. Johnston Pump Co., 680 F.2d 647, 649 (9th Cir. 1982), overruled on other grounds as stated by Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1055 n.2 (9th Cir. 2007); see also Pierce v. Underwood, 487 U.S. 552, 565 (1988) (interpreting substantially justified to mean "there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the contested action."). "There is no bright line standard for 'substantial justification,' and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | MARCH 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC ET AL. | | |

courts must use discretion" when deciding whether to impose sanctions under Rule 37. W Air Charter v. Schembari, No. CV-17-420-AB (KSx), 2018 WL 6537158 (C.D. Cal. Apr. 9, 2018) (citing Brown v. Iowa, 152 F.R.D. 168, 173 (S.D. Iowa 1993).

    The purpose of the rule is to "protect courts and opposing parties from delaying or harassing tactics during the discovery process." Cunningham v. Hamilton Cnty., 527 U.S. 198, 208 (1999). The intent of the drafters of Rule 37, as revised, was to "encourage the awarding of expenses and fees wherever applicable." Id. (internal quotation marks omitted); see also LM Ins. Corp. v. ACEO, Inc., 276 F.R.D. 592, 593 (N.D. Ill. Oct. 24, 2011) ("Fee shifting when the judge must rule on discovery disputes encourages their voluntary resolution.").

    In determining that Travelers was entitled to attorneys' fees for filing their motion to compel, the Magistrate Judge held: "Where a request is reasonable, as it was in this case because it was [d]efendants' unreasonable delay and withholding of documents prior to [] March's December 2020 deposition that necessitated the request for additional hours, there is no substantial justification for the party's refusal to cooperate." Order at 4.

    In their brief, Ranch-March-Bright argue that the Magistrate Judge's decision was contrary to law because the Order ignored cases that Ranch-March-Bright cited, which they argue support a finding that March's decision not to stipulate to additional deposition hours was substantially justified. Dkt. 162 at 8. After reviewing the case law defendants' cited, the Court finds these cases inapposite to the facts before it. See, e.g., Love v. Permanent Medical Group, 2014 WL 491257 at *1 (N.D. Cal. 2014) (holding that "[d]efendants have had a fair opportunity to obtain the information they now seek" because they, among other reasons, scheduled depositions "prior to serving any discovery requests."). While the cases defendants' cite provide examples of courts declining to order additional deposition time, these cases do not show that March was substantially justified in declining to be deposed for three additional hours. Here, March's claim of privilege was unjustified in light of the fact that her claim for attorneys' fees put those conversations between *Cumis* counsel and herself at issue.

    The Court finds that Ranch-March-Bright have not met their burden of showing that the Magistrate Judge's order was "clearly erroneous or contrary to law." Crispin v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | MARCH 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC ET AL. | | |

Christina Audigier, Inc., 717 F. Supp. 2d 965 (C.D. Cal 2010). Here, there is no evidence that the "magistrate judge has misinterpreted or misapplied applicable law" under Rule 72(a). Gunter v. Ridgewood Energy Corp., 32 F. Supp. 2d 162, 164 (D.N.J. 1998). Rather, based on the record before the Court, the Magistrate Judge appears to have followed the plain language of the Federal Rules of Civil Procedure in her decision to award discovery sanctions. Under the plain language of the Rule 30(d)(1), the 7 hour time limit can be modified by a "stipulation or order by a court." Fed. R. Civ. P. 30(d)(1). Based on the record before it, the Magistrate Judge reasonably modified the 7 hour time limit because she determined that defendants "unreasonably delayed the production of documents" and that she "expected Travelers would [] be entitled to take depositions of all counsel involved in the communications evidenced by those documents." Order at 6.

Magistrate judges have great discretion in determining whether to award fees when resolving discovery disputes. A district court should reverse only if after scrutinizing the record, "the district court is left with the definite and firm conviction that a mistake has been committed." In re First American Crop ERISA Litigation, 258 F.R.D. 610 (C.D. Cal, 2009; See also Crispin, 717 F. Supp. 2d at 965 ("The clearly erroneous standard . . . is significantly deferential") (internal citations omitted); NG v. HSBC Mortg. Corp., 262 F.R.D. 135, 136 (E.D.N.Y. 2009) ("[H]aving reviewed [the Magistrate Judge's] opinions in this matter for error, this Court finds none. [The Magistrate Judge's] decision to impose sanctions was within the appropriate exercise of his sound discretion and is adequately justified on the factual record."). Here, the Court finds that the records shows that the Magistrate Judge was justified in using her discretion to award sanctions under Rule 30(d) based on March's refusal to stipulate to three additional hours of a deposition, after improperly withholding requested documents during her initial 7 hour deposition. Therefore, the Magistrate Judge's decision to award Travelers fees for their motion to compel under Rule 37(a)(5)(A) was not in error.

### B. Scope of Available Fees

Next, Ranch-March-Bright argue that, assuming *arguendo* that discovery sanctions should be awarded, the amount awarded should not exceed $585. Dkt. 162 at 23. Defendants argue that Peterson's declaration—which states that he and his co-counsel

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | MARCH 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC ET AL. | | |

spent 8.8 hours at $215/hour—considers payment for tasks other than preparing and filing the motion, which are not compensable. Id. at 24; dkt. 114. Ranch-March-Bright argue that reasonable fees and expenses under Rule 37(a)(5) do not include "fees for a Reply, or for a hearing." Dkt. 162 at 24.

Rule 37(a)(5) states that in granting a motion to compel, the court must require the party or deponent whose conduct necessitated the motion "to pay the movant's reasonable expenses *incurred in making the motion*." (emphasis added). The Magistrate Judge found that defendants' interpretation of Rule 37(a)(5) "is far too limited and contrary to numerous federal courts in the Ninth Circuit which have interpreted expenses and fees 'incurred in making the motion' more expansively." Order at 5.

In support of this finding, the Magistrate Judge cites to Liew v. Breen, 640 F.2d 1046, 1051 (9th Cir. 1981), in which the Ninth Circuit held that a party may recover for the "expenses resulting from efforts to secure an order compelling discovery." See also SIGNIA, Inc. v. InAuth, Inc., No. 8:17-cv-01289-AG-KESx, 2018 WL 5936360, at *6,(C.D. Cal. Oct. 18, 2018) (permitting fees for drafting defendant's supplemental brief, drafting the related sealing application and supporting declaration, preparing for oral argument, and traveling to and attending a hearing).

Again, the Court finds that Ranch-March-Bright have not met their burden of showing that the Magistrate Judge's order was "clearly erroneous or contrary to law." Crispin, 717 F. Supp. 2d at 965. The Magistrate Judge properly relied on Ninth Circuit precedent in determining the amount of fees Travelers was entitled to. Accordingly, the Court finds that the Magistrate Judge properly used her discretion to award Travelers $2,455 in attorneys' fees.

### IV.  CONCLUSION

In accordance with the foregoing, the Court **DENIES** Ranch-March-Bright's motion to reverse the Magistrate Judge's "discovery sanction" order.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |