UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                              Not Present

**Proceedings:**      (IN CHAMBERS) - DEFENDANTS' AMENDED MOTION FOR SUMMARY JUDGMENT (Dkt. 131, filed on November 3, 2021)

PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT (DKT. 139, filed on December 17, 2021)

## I.      INTRODUCTION

On March 27, 2018, The Travelers Indemnity Company of Connecticut and Travelers Causalty Insurance Company of America (collectively, "Travelers") filed the complaint in this action against Walking U Ranch, LLC, Kathleen P. March, Patrick F. Bright, and Does 1 through 10, Inclusive, (collectively, "Ranch-March-Bright" or "the Insureds"). Dkt. 1 ("Compl.").

Travelers insured Ranch-March-Bright under several Agribusiness Insurance Policies, including the primary insurance policy, No. 700-5F087056-TCT-17, (the "primary policy"), and the excess liability insurance policy, No. EX-5F087056-17-93, (the "excess policy"). Id. at 1, 4. The Insureds were sued in Santa Barbara Superior Court, Case No. 17-CV-05630 ("the underlying action"), and Travelers agreed to defend the Insureds, while reserving its right to bring this action seeking declaratory relief that Travelers had no duty to defend the Insureds and seeking equitable reimbursement of all fees, costs, and expenses paid by Travelers to defend the underlying action. Id. The issue before this Court is whether Travelers is required to pay attorneys' fees to March and Bright, who assisted the successive *Cumis* counsel that represented the Insureds in the underlying action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

On May 14, 2018, the Insureds filed an answer and asserted counterclaims against Travelers for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unfair, deceptive, unlawful, and fraudulent business practices in violation of California Business & Profession Code § 17200 *et seq.* Dkt. 12.

On June 15, 2018, Travelers moved for summary judgment. Dkt. 19. On August 6, 2018, the Court issued an order regarding Travelers' motion for summary judgment, dkt. 19, and Travelers' motion to compel arbitration, dkt 21. Dkt. 35. In its order, the Court denied Travelers' motion for summary judgment, concluding that Travelers owes a duty to defend the Insureds with respect to the underlying action. Dkt. 35 at 13. Additionally, the Court partially granted the Insureds' Fed. R. Civ. P. 56(f) request based on the Court's conclusion that Travelers has a duty to defend. Id. The Court declined to grant summary judgment in favor of the Insureds on the issue of Travelers' duty to indemnify. Id. The Court denied Travelers' request that the Court order the parties to arbitrate all disputes concerning attorneys' fees. Id.

On September 6, 2018, the Court granted a stay in the action, while the underlying action was pending in state court. Dkt. 39. On October 19, 2020, the Court ordered the stay lifted. Dkt. 52.

On November 12, 2020, the Insureds filed a motion requesting that Travelers pay $616,695 in attorneys' fees necessarily expended to defend the Insureds in the underlying action, and for an order to show cause, directing Travelers to show cause as to why Travelers should not be held in civil contempt. Dkt. 61. The Insureds filed declarations of Kathleen March, Patrick Bright, Sue Park Esq., Anton Jensen Esq., James N. Procter II, Esq, and Roy Ogden, Esq. in support of their motion. Dkts. 62-67. The Court vacated the hearing on the Insureds' motion in order to permit the Honorable Judge Gail J. Standish to address outstanding discovery issues. Dkt. 79.

On October 13, 2021, the Court held a zoom status conference in which the Court converted the Insureds' then-pending motion, dkt. 61, into a motion for summary judgment. Dkt. 129. On November 3, 2021, the Insureds filed a motion for summary judgment, supplementing the dkt. 61 motion, and requesting that the Court order Travelers to pay $101,122 in additional fees for the "reasonable and necessary work" of *Cumis* counsel. Dkt. 131 ("Def. MSJ"). In support of its motion, the Insureds filed a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

statement of uncontroverted facts and conclusions of law, dkt. 132 (Defendants' Statement of Uncontroverted Facts) ("Def. SUF"), and declarations of Sue Park Esq., and Patrick Bright. Dkts. 133-135. On December 17, 2021, Travelers filed an opposition to the Insureds' motion. Dkt. 142 ("Pltf. Opp."). On January 17, 2022, the Insureds filed a reply. Dkt. 158. ("Def. Reply"). In support of their reply, the Insureds filed a declaration of Kathleen March. Dkt. 159.

On December 17, 2021, Travelers filed a cross-motion for partial summary judgment, arguing that Travelers has no further duty to defend the underlying action. Dkt. 139 ("Pltf. MSJ"). In support of its motion, Travelers filed a statement of uncontroverted facts and conclusions of law. Dkt. 139-2 ("Pltf. SUF"). On January 17, 2022, the Insureds filed an opposition. Dkt. 154 ("Def. Opp."). The Insureds filed multiple declarations in support of their opposition, dkts. 155-156, and an additional statement of undisputed facts. Dkt. 157. ("Def. Add. Facts"). On January 28, 2022, Travelers filed a reply. Dkt. 163 ("Pltf. Reply").

On December 17, 2021, Travelers filed objections to the declarations submitted in support of the Insureds' motion for summary judgment. Dkt. 147. On December 27, 2021, Travelers filed additional objections to the declaration of Kathleen March, submitted in support of the Insureds' motion for summary judgment. Dkt. 152. On January 17, 2022, the Insureds filed an objection to, and request to strike, the declaration of Travelers' expert Andre E. Jardini. Dkt. 160. On January 28, 2022, Travelers filed objections to the declarations submitted in support of the Insureds' opposition to Travelers' motion, and an objection to the declaration filed in support of the Insureds' reply. Dkt. 165, 167.

On December 27, 2021, Travelers filed a request for judicial notice regarding the Judgment in the underlying action. Dkt. 151.

On February 14, 2022, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   BACKGROUND

The following facts are not meaningfully disputed and are set forth for purposes of background. Unless noted, the Court references only facts that are uncontroverted and as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

to which evidentiary objections have been overruled. [1]

---

[1]    The parties assert numerous evidentiary objections to each other's evidence. Travelers first objects to certain statements within the declarations submitted in support of the Insureds' motion for summary judgment including (1) the declaration of Kathleen March, dkt. 62, (2) the declaration of Patrick Bright, dkt. 53, (3) the declaration of Sue Park, dkt. 64, (4) the declaration of Anton Jensen, dkt.65, (5) the supplemental declaration of Patrick Bright, dkt. 134, and (6) the supplemental declaration of Sue Park, dkt. 133.  Dkt. 147.  Travelers' first set of objections includes 98 total objections, including: "improper opinion and argument rather than percipient testimony," "speculation," "lack of foundation," and "relevance."  Id.

Travelers next asserts additional objections to the declaration of Kathleen March, dkt. 150, submitted in support of the Insureds' motion for summary judgment, dkt. 152., and to declarations submitted in support of the Insureds' opposition to Travelers' motion for partial summary judgment.  Dkt. 155.  Travelers objects to the entirety of the declaration filed by Kathleen P. March, dkt. 155, and asserts individual objections to the declaration of Patrick Bright, dkt. 156, including a total of 67 objections.  Travelers states that the March declaration primarily consists of inadmissible argument and opinion concerning disputed facts. Dkt. 165.  Moreover, Travelers filed another 53 separate objections to a subsequent declaration of Kathleen March filed in support of the Insureds' opposition to Travelers' motion for summary judgment for payment.  Dkt. 167.

The Insureds filed objections to, and requests to strike, Travelers' declaration of its expert witness Andrew E. Jardini, filed in support of Travelers' opposition. Dkt. 166. The Insureds argue that the expert declaration must be stricken because it is not based on sufficient facts or data as required by Fed. R. Evid. 702(b).

"In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." Capitol Records, LLC v. BlueBeat, Inc., 765 F. Supp. 2d 1198, 1200 (C.D. Cal. 2010). This is especially true where, as here, many of the objections are "boilerplate" and made without analysis or argument.  Id. Further, because the Court does not rely on the specific statements within the declarations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

### A.     The Parties and Travelers' Policies

Plaintiffs The Travelers Indemnity Company of Connecticut ("Travelers Primary") and Travelers Insurance Company of America ("Travelers Excess") are insurance agencies. Dkt. 132 ("Def. SUF") ¶ 1.

Defendant Walking U Ranch, LLC is a limited liability company, whose sole members are defendants husband and wife, Kathleen P. March and Patrick F. Bright. Id. ¶ 4. Walking U Ranch, established in 2010, has owned the Walking U Ranch property, and runs a cattle ranch on the property, which is located in Santa Barbara County, CA. Id. ¶ 4. Defendant March owns, and is the lead attorney at, The Bankruptcy Law Firm ("BLF"). Id.

From February 1, 2017, to February 1, 2018, Travelers Primary issued the Insureds' Agribusiness Policy No. 700-5F087056-TCT-17. Def. SUF ¶ 8 (the "primary policy"). From February 1, 2017, to February 1, 2018, Travelers Excess issued the Insureds' policy No. EX-5F087056-17-93. Def. SUF ¶ 8 (the "excess policy"). Travelers also issued the Insureds substantially identical primary and excess policies for the period of February 1, 2016, to February 1, 2017. Id.

It is undisputed that the excess policy states that it does not provide any defense to a claim or suit. Def. SUF ¶ 8. In contrast, the primary policy's coverage A provides that Travelers will have a duty to defend a suit seeking damages for "bodily injury" and "property damage," insofar as these injuries are caused by an "occurrence." Def. SUF ¶ 9. The primary policy's coverage B also affords coverage for "personal and advertising injury," and states that Travelers will have a duty to defend an insured against any suit seeking damages for this type of injury. Def. SUF ¶ 11.

---

to which Travelers' and the Insureds' object for purposes of its analysis *infra,* the Court need not consider these objections.

However, to the extent that the Court relies on objected-to evidence, it has considered and **OVERRULED** these evidentiary objections. Evidence not considered by the Court is not addressed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

### B.     The Underlying Lawsuit

On December 12, 2017, the Insureds were sued in <u>John R. Louderback, et al. v. Walking U Ranch, LLC, et al.</u>, Santa Barbara Superior Court Case No. 17-CV-05630 ("the underlying action").  Def. SUF ¶ 8.  The plaintiffs in the underlying action, John R. Louderback and Jacqueline M. Louderback (the "Louderbacks"), alleged that they own 793 acres of land in Santa Barbara County and are entitled to use of an easement for access to that land by way of the Walking U Ranch property, the neighboring 989-acre ranch.  Def. SUF ¶ 14.

The Louderbacks alleged claims for quiet title, declaratory relief, interference with easement, nuisance, slander of title, unfair competition and unfair business practices, and intentional interference with prospective economic relations. Def. SUF ¶ 14.  In particular, the underlying action alleged that a recorded access road easement burdening the Walking U Ranch property has existed for decades, and that this easement provided the only access to the Louderbacks' neighboring and otherwise land-locked property.  <u>Id.</u> The Underlying Action further alleged that the Insureds in the present action purchased the Walking U property in 2010, that the Insureds disputed the validity of the alleged access road easement, and that the Insureds proceeded to lock an access gate on March 25, 2017, barring the Louderbacks from using the easement and from reaching their property or showing their property to prospective buyers.  <u>Id.</u>  Further, the operative complaint listed a number of allegations demonstrating potentially defamatory remarks concerning the Louderbacks, such as allegations that March stated that John "Louderback lies to practically everybody," and that he "stiffs everybody that tries to do business with him.  Dkt. 35 at 11.  The complaint further asserted that the Insureds disseminated "false narratives regarding [the Louderbacks] and their access road easement."  <u>Id.</u> at 11-12.

On August 8, 2018, this Court ordered that Travelers owes a duty to defend the Insureds in the underlying action, pursuant to Travelers Agribusiness Liability Insurance Policy.  Def. SUF ¶ 25.  The Court found that the allegations regarding March's comments could potentially cover a claim for slander under the insurance policy.  Dkt. 35 at 11-13.

On March 18, 2021, the Superior Court ruled in favor of Ranch-March-Bright and against the Louderbacks on every claim in the Louderback's complaint.  Def. SUF ¶ 76.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

On February 11, 2022, subsequent to the briefing on this motion, the Louderbacks filed a notice of appeal in the underlying action.  Dkt. 170.

**C.      The Current Dispute Over Fees**

On or about December 18, 2018, the Insureds notified Travelers of the underlying action, requesting defense and indemnity.  Dkt. 142-4 (Plaintiffs' Statement of Disputed Facts) ("Pltf. SDF") ¶ 102.  On December 22, 2018, Travelers instructed the Insureds "to retain counsel to protect any court imposed deadlines," and that if it is determined "there is a duty to participate in the defense, the carrier will reimburse counsel or the [Insureds'] for all reasonable and necessary fees and costs incurred in the defense of this matter."  Id.; Ex. 5.

The Insureds initially decided to employ The Bankruptcy Law Firm ("BLF") to defend themselves in the underlying action, an entity wholly owned by defendants March and Bright.  Pltf. SDF  ¶ 103.  March and Bright, as practicing attorneys at BLF, provided legal services for themselves, with the expectation that Travelers would cover the costs incurred.  Id.  Travelers has paid BLF for the time they represented the Insureds as sole counsel.  Travelers notes that March purchased "CEB CA Easement Treatise" and billed Travelers $2,000 for the expense of her access to Westlaw, fees for her professional time, and $468.96 for the cost of the book.  Pltf. SDF ¶ 103.

On January 11, 2018, Travelers orally informed the Insureds it would provide a defense under a reservation of rights.  Pltf. SDF ¶ 104.  On January 26, 2018, Travelers confirmed this in writing.  Id.; Ex. 14.

Following their representation by The Bankruptcy Law Firm as sole counsel, the Insureds were represented by Thomas J. Dowling, appointed by Travelers. Pltf. SDF ¶ 105; Def. SUF ¶ 5.  After Dowling, the Insureds were represented by three successive firms, selected by the Insureds, who served as *Cumis* counsel: Roy Ogden, Esq., James N. Procter, II, Esq., and Park Jensen LLP.  Pltf. SUF ¶ 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

      1.    <u>Representation by Thomas Dowling</u>

On January 22, 2018, Travelers agreed to defend the Insureds in the underlying action, under a reservation of rights, and initially retained Thomas Dowling of Hager & Dowling, without the approval of the Insureds. Def. SUF ¶ 18; Pltf. SDF ¶ 105. Thereafter, a dispute arose as to whether Dowling had a conflict of interest, whereby he favored Travelers over the Insureds. Def. SUF ¶ 19; Pltf. SDF ¶ 106. Because of this dispute, Dowling ultimately declined to represent the Insureds. Pltf. SDF ¶ 19.

      2.    <u>Representation by *Cumis* Counsel Roy Ogden, Esq.</u>

After Dowling declined to represent the Insureds, Travelers and the Insureds disagreed on whether the Insureds had the right to counsel of their choosing. Pltf. SDF ¶ 107. On February 1, 2018, March wrote to Travelers with the proposal:

> If Travelers hires Roy Ogden, Esq., then Bright, I and our LLC will not need, or request, separate *Cumis* counsel, because Roy can do the whole defense, and Roy has demonstrated that Roy is competent and trustworthy. The result will be that neither Travelers, or we, will need or use Dowling, Esq., so Travelers will only be paying for one attorney: Roy Ogden, Esq. That is the most economical way to defend, and is most likely to defeat Louderback's suit.
>
> Pltf. SDF ¶ 107; Ex. 23 at 2 ¶ 3.

On February 23, 2018, the Insureds and Travelers agreed, in a mutually executed letter agreement, that the Insureds' defense would be provided by Ogden as the Insureds' selected independent counsel, pursuant to Cal. Civ. Code ¶ 2860. Def. SUF ¶ 21; Pltf. SDF ¶ 108; Ex. 23. Ogden has been a real estate attorney since 1988 and has litigated hundreds of easement cases. Pltf. SDF ¶ 118.

The agreement states that "the insureds select Ogden & Fricks, LLP and Roy E. Ogden, to act as the insureds' independent defense counsel for the defense of claims" in the underlying action and that § 2860 shall control. Ex. 30 at 2-3. Further the agreement states that both parties acknowledge that defense is being provided pursuant to a full reservation of rights. Pltf. SUF ¶ 108.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|----------|--------------------------|---|------|----------------|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

In a February 28, 2018 letter to Ogden, Travelers stated:

Having appointed your firm to be their independent defense counsel, Travelers does not expect to receive any invoices from February 26 onward for work by The Bankruptcy Law Firm or any other law firm, but yours, absent a prior written agreement by Travelers. You are skilled in the subject area at issue and we are not aware of any reason that you will need assistance outside of your law firm. It is obviously highly unusual for an insured to bill oneself and one's own entity and seek and receive payment from an insurer, as Ms. March did here. Travelers may not owe these fees on this basis, but it is paying, rather than disputing, them. It will not do that from February 26.

Pltf. SDF ¶ 109; Ex. 33.

On February 27, 2018, Ogden privately told March that he was not sure he was comfortable billing the time spent by BLF, based on Travelers' letter. Pltf. SDF; Ex. 227. Ogden testified that the participation by BLF made matters worse, not better, and that the Insureds' defense would have been "handled more effectively" with Ogden's firm as sole counsel. Pltf. SDF ¶ 50.

Ogden testified that he delegated preparing various pleadings to BLF. Def. SUF ¶ 65. The parties dispute whether the work done by BLF was at the insistence of March and whether the work done by BLF was necessary. Def. SUF ¶¶ 66; 68. Ogden also testified that the reply briefs BLF drafted while he was in trial for another client could have been completed by his colleagues within his firm. Def. SUF ¶ 69. Further, Ogden testified that in some of the reply briefs he could have done the work "more capably" than BLF, and that he would not have taken the engagement if he had known March and Bright intended to do the majority of the legal work. Pltf. SDF ¶¶ 69, 121.

On June 2, 2018, Ogden sent an e-mail to Bright stating that he was resigning as *Cumis* counsel because he was not comfortable being lead counsel on a case in which he had no control. Pltf. SDF ¶ 129; Ex. 183 p 2. In the e-mail, Ogden stated that his decision "is based upon the increasingly aggressive and adversarial tone and content of [March's] emails to [him]." Ex. 183 at 2. Further, the e-mail states that while he is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

"listed on the pleadings as lead counsel," he is "not directing the course of the case. [March] is directing the case. That is not comfortable." Id.

3.        Representation by *Cumis* Counsel James N. Procter, II, Esq.

After Ogden's departure, the Insureds located James N. Procter, II, and his firm Procter, Shyer & Winter, LLP, to replace Ogden. Pltf. SDF ¶ 132. Travelers agreed to the appointment, on the same terms as those listed in the February 23, 2018 letter, such that Travelers stated that it did not "expect to receive any invoices" for work by BLF, absent a prior written agreement by Travelers. Id.

When Procter sent the Insureds the engagement agreement he drafted, the Insureds changed it by hand to state that "March and Bright [] shall draft pleadings for review, revision, signature by Procter, Shyer." Pltf. SDF ¶ 135; Dkt. 66 at 110-113. The agreement was executed on August, 22, 2018. Def. SUF ¶ 52. The Insureds state that the language regarding pleadings was added because Procter was concerned about the commitment the case would require. Def. SUF ¶ 54. However, Procter testified that this arrangement was "ill-advised" and "highly inefficient." Pltf. SDF ¶ 54.

Procter further testified that March lacked "the judgment to know when it would be in her client's best interest not to advance a particular argument, objection, or position." Pltf. SDF ¶ 51. Procter testified that there was no work during his firm's engagement that was better done by March and Bright than by his own firm. Pltf. SDF ¶ 136. While Procter was counsel, Procter stated that March was "captain of the ship" and "was the architect of the strategy," and "that was the role she wanted." Pltf. SDF ¶ 139.

The parties dispute why Procter withdrew from the case. The Insureds cite to testimony in which Procter discussed pressing family issues, whereas Travelers cite to language which shows the withdrawal was due to the inefficient arrangement between Procter and March and Bright. In an e-mail to the Insureds, Procter states that the "bottom line is that I cannot continue to represent [March-Bright] unless there is a dramatic change in how we approach the handling of this case." Pltf SDF ¶ 59. For several months, the parties negotiated the terms of Procter's exit. Pltf. SDF ¶ 146. Bright proposed that "in exchange for [the Insureds] not insisting [Procter] try the case," Procter would tell Travelers in writing that his "family issues prevent [him] from doing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

the day to day work," and therefore "at [his] request" BLF would continue to do the work. Id.; Ex. 260 (Feb. 13, 2019 e-mail). However, Procter rejected this proposal, stating that his family issues do not prevent [him] from doing the work, and that therefore he could not "make this false representation to Travelers." Id. On February 28, 2019, Procter filed a motion to withdraw from the case. Pltf. SDF ¶ 147.

Travelers also states that it was not until the Insureds filed this motion that Travelers received a copy of the engagement agreement in which the Insureds contractually bound Procter to allow them to do primary drafting. Pltf. SDF ¶ 144; Ex. 309.

> 4.     Representation by *Cumis* Counsel Park Jensen LLP

With Procter's firm withdrawing, the Insureds hired Park Jensen, LLP, a two person firm in Orange County, 200 miles from Santa Barbara county. Pltf. SDF ¶ 149. The Insureds took a draft engagement agreement, and rewrote it to request that BLF assist Park Jensen with defending the underlying case. Pltf. SDF ¶ 150; Ex. 276 ("draft agreement"); Dkt. 64 at 10-14 ("final agreement"). From August 26, 2019 to September 26, 2019, the underlying action was tried in Santa Maria Superior Court, wherein Park Jensen, LLP served as *Cumis* counsel. Id. ¶ 14. BLF participated in trying the case. Id. ¶ 14.

The final representation contract between Park Jensen and the Insureds expressly requires BLF to assist Park Jensen. Def. SUF ¶ 29, 39. Travelers agreed to permit Park Jensen to represent the Insureds, but wrote in an e-mail to the Insureds: "Please confirm that Park Jensen LLP is qualified to defend the Insureds in the Louderback matter, through trial, as the Insureds' sole independent counsel under Civil Code § 2860, without needing to co-counsel with additional outside attorneys or law firms." Pltf. SDF ¶ 151; Ex. 82. Travelers sent an additional email to the Insureds noting that if Park Jensen "must rely upon the Insureds to defend this case as co-counsel, then his firm is not qualified to be independent counsel." Id.; Ex. 89.

However, the Insureds refused to agree to Travelers' terms that BLF would not continue to assist *Cumis* counsel, and responded by "confirming that Park Jensen, LLP is ready and able to defend" the underlying action. Plf. SDF ¶ 152. Again, Travelers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

reaffirmed that it was not obligated to pay for work performed by BLF.  Pltf. SDF ¶ 153; Ex. 90. ("Travelers restates its position, that it does not owe, and respectfully, declines to pay for the insureds, through The Bankruptcy Law Firm and Mr. Bright's law firm, to be their own lawyers.").

The parties dispute whether Park Jensen would have taken on the Insureds as clients in the underlying action without the assistance of BLF.  Jensen has testified inconsistently in this regard.  Jensen testified that "it would have been just foolhardy [] to stand up and announce that [his firm] was going to sideline" BLF.  Def. SUF ¶ 47, 49. However, Jensen also testified that his firm could have taken on the Louderback case if March and Bright were not attorneys.  Pltf. SDF ¶ 154.

In her deposition, Sue Park, Jensen's partner, testified that it was "absolutely essential for [BLF] to handle the case with [her firm] . . . all things considered," that Park Jensen LLP and BLF "collaborated" on every task, and that her firm would not have contracted to be *Cumis* counsel without BLF agreeing to assist.  Def. SUF ¶ 40-43; Pltf. SDF ¶ 40.

The Insureds submitted a request for an additional $101,122 in fees billed through BLF, done after the $616,695 of bills were requested in the Insureds' initial motion for fees, dkt. 61.  Def. SUF ¶ 34.  As of the original filing, BLF's invoices reflect 3,305.79 hours billed over 29 active months, and 1,764.95 hours in total by all three *Cumis* law firms.  Pltf. SDF ¶ 157.

## III.   LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion.  Anderson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

**IV.   DISCUSSION**

**A.   Request for Judicial Notice**

Federal Rule of Evidence 201 empowers a court to take judicial notice of facts that are either "(1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b); see also Mullis v. U. S. Bankr. Court for Dist. of Nevada, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987).

Here, Travelers submits an unopposed request that the Court take judicial notice of the newly-entered judgment in the underlying action, John R. Louderback, etc. et al. v. Walking U Ranch, LLC, etc., et al., No. 17-CV-0563.  The judgment dismisses the second amended complaint in favor of Ranch-March-Bright. Dkt. 151  The Court finds that judicial notice of a filing in the underlying action is warranted as "a court may take

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|----------|--------------------------|------|----------------|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

judicial notice of matters of public record." <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-89 (9th Cir. 2001).

      **B.**      **The Insureds' Motion for Summary Judgment**

            1.      <u>Attorneys' Fees</u>

In their motion for summary judgment, which supplements their earlier motion for attorneys' fees, dkt. 61, the Insureds argue that, as a matter of law, Travelers is required to pay the Insureds $616,695, for work completed by March and Bright, through their law firm BLF, in assistance of *Cumis* counsel in the underlying action. Def. MSJ at 10. The Insureds argue that Travelers is responsible to pay the total amount of attorneys' fees for every hour that March and Bright billed for assisting in the defense of Ranch-March-Bright in the underlying action. <u>Id.</u> The Insureds acknowledge that Travelers has already paid for all of the time billed by the Insureds' three *Cumis* firms, totaling over $533,000, but argue that Travelers still owes them an additional $616,695 in attorneys' fees for the work BLF conducted that was reasonably requested by *Cumis* counsel. <u>Id.</u> The Insureds argue they should be compensated $350,976 for work they completed at the request of Park Jensen, plus $129,205 for work they completed at the request of Procter, plus $136,514 for work they completed at the request of Ogden. <u>Id.</u>; <u>See</u> Ex. B. In supplementing their motion, the Insureds request that the Court order Travelers to pay an additional $101,122 of BLF's bills for additional work they completed at the request of Park Jensen, incurred after the $616,695 they requested in the original motion. Def. MSJ at 15.

The Insureds argue that by refusing to pay the attorneys' fees incurred to defend the superior court suit through trial, Travelers paid less than 34 percent of the total attorneys' fees incurred to litigate the underlying action. Dkt. 61 at 16. [2]

---

[2] Defendants argue that the 34 percent figure is high, and that in reality Travelers only paid 19 percent of total fees because "[t]he 34% figure is based upon calculating time of all defense attorneys at only $200 per hour, though the usual hourly rates" of the attorneys was higher. <u>Id.</u> The Insureds note that the $200 per hour rate is "without prejudice" to Insureds seeking to compel Travelers to pay more than $200 per hour, and that the hourly rate insurers were paying attorneys for defending similar cases was more

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                    **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

The Insureds contend that the work done by BLF was reasonable and necessary, not duplicative of work done by *Cumis* counsel, and competently done. Dkt. 61 at 26. The Insureds argue that it was prudent for *Cumis* counsel to utilize BLF to assist them. Id. The Insureds point to evidence such as the fact that Park Jensen LLP had little time to prepare for trial and that BLF had been involved in the case from the time when the case was filed in 2017, and was therefore knowledgeable about the matter. Dkt. 61 at 27.

Next, the Insureds argue that BLF was not required to be approved as *Cumis* counsel by Travelers because BLF was working for *Cumis* counsel, at the request of *Cumis* counsel, and therefore Ogden, Proctor, and Park Jensen LLP had the right to control the litigation, not the insurer. Dkt. 61 at 26-27; Def. MSJ at 29. Assurance Co. of American v. Haven, 32 Cal. App. 4th 78 (Ct. App. 1994) ("[t]he insured is entitled to control the defense of the [underlying] case").

The Insureds rely on two signed representation contracts—one executed by Park Jensen LLP and Ranch-March-Bright and another between Procter and Ranch-March-Bright, which expressly state the specific work BLF is to do to assist *Cumis* counsel. Def. MSJ at 12; See Park Decl. Ex. A (Park Jensen LLP "shall utilize services of attorneys March and Bright, of The Bankruptcy Law Firm, PC as 'of counsel,' or subcontractors to Park Jensen to assist Park Jensen in preparing and trying suit.")

Further, the Insureds cite to deposition testimony of *Cumis* counsel, that, the Insureds' argue, shows as a matter of law that the work BLF did was reasonable and necessary to assist *Cumis* counsel. Def. MSJ at 16. The Insureds cite to the deposition testimony of attorney Sue Park of Park Jensen LLP, in which she states that it was "absolutely essential" for Park Jensen LLP to use BLF as co-counsel "under the circumstances, on this particular matter, all things considered," and that BLF and Park Jensen LLP "collaborated on everything [they] worked on." Def. MSJ at 17. Further, the Insureds point to deposition testimony from Anton Jensen of Park Jensen LLP, lead trial attorney in preparing for the underlying action, in which he stated it was "prudent" and "the best choice" for his firm to have assistance from BLF. Def. MSJ at 18-22. Next, the Insureds cite to the deposition testimony of Procter, and argue that Procter's testimony

---

than $200 per hour. Id. The Insureds state that they will seek to increase the $200 per hour rate for all *Cumis* counsel and for BLF further on in this suit. Def. MSJ at 19.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

establishes that while he was *Cumis* counsel, he was trying another suit for a different client, and that BLF was therefore necessary to complete work on the underlying matter during that period of time. Def. MSJ at 24. Lastly, the Insureds cite to the deposition testimony of Ogden, in which Ogden testified he delegated preparing various pleadings to BLF, such as document production requests and requests for admission. Id. The Insureds argue this establishes Ogden's desire and request to have BLF assist him in defending the underlying action. Def. MSJ at 25-26.

In its opposition, Travelers argues it has paid for every hour of time billed by the Insureds' independent attorneys, but that it is not obligated to also pay the Insureds, who are attorneys, to participate as counsel in their own defense. Pltf. Opp. at 33.

First, Travelers argues that the evidence shows that March and Bright were unqualified as a matter of law under Cal. Civ. Code § 2860(c) to defend Ranch-March-Bright in the underlying action. Pltf. Opp. at 3. Under § 2860, which both parties agree controls, an insurer can require independent counsel to have at least "five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation" to qualify. Travelers notes that, contrary to this requirement, March was practicing bankruptcy law full time, had not handled a state court case in nearly three decades, and had handled only one easement case which occurred between 1983 and 1987. Pltf. Opp. at 41. Furthermore, Travelers points to Bright's testimony that he cannot recall ever handling a real estate or easement case prior to his role in the Louderback matter. Id. Travelers emphasizes that even if appointed *Cumis* counsel is qualified, § 2860(c) makes no exception for unqualified lawyers who are asked to participate in the defense by qualified lawyers, and that the statute requires that qualified lawyers work on the underlying action. Pltf. Reply at 10.

Further, Travelers argues that the Insureds acted as their own lawyers because they insisted on it, not because the independent *Cumis* attorneys requested their assistance. Pltf. Opp. at 3. Travelers contends that the uncontroverted evidence shows that March insisted on doing the work, and it was not through the professional judgment of *Cumis* counsel that BLF assisted in the case. Pltf. Opp. at 39; see, e.g. Ex. 183 (Ogden's statement: "I have decided that I need to end my firms attorney/client relationship . . . I am listed on the pleadings as lead counsel, but I am not directing the course of the case. [March] is directing the case. That is not comfortable."). Proctor also noted that March

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

was "captain of the ship," and that he did not choose any specific work to be performed by BLF.  Pltf. Opp. at 49.  Travelers also rebuts the Insureds' argument that *Cumis* counsel delegated discrete legal tasks to BLF.  Travelers notes that BLF billed 3,305.79 hours, whereas all independent *Cumis* counsel combined billed 1,764.95 hours over the course of the litigation.  Pltf. Opp. at 55.

Moreover, Travelers contends that their agreement with the Insureds at the outset of the litigation states that Travelers would only have to pay one law firm.  Pltf. Opp. at 33.  Travelers argues that the relief the Insureds seek here is contrary to that agreement. Id.  In an e-mail to Travelers, March stated that if Travelers agrees to pay Ogden's firm, Travelers will only be paying for one attorney: Roy Ogden.  Pltf. Opp. Ex. 23 ("Roy is the only attorney").  Travelers accepted this offer and subsequent letters confirm that the successor firms stepped directly into Ogden's role and the agreement did not change.  Id. Travelers points to a February 28, 2018 letter to the Insureds' independent counsel, in which Travelers states that "having appointed your firm to be [] independent defense counsel, Travelers does not expect to receive any invoices from February 26, [2018], onward for work by The Bankruptcy Law Firm or any other law firm but yours, absent a prior written agreement with Travelers."  Pltf. Opp. at 36; Ex. 34.  Travelers notes it made this position clear, repeatedly, in detail, at every step of the case.  See, e.g., Pltf. Opp. at 38 See exs. 33, 37, 44, 50, 52, 54, 57, 60, 62, 63, 90, 93, 96-99, 101-105, 107, 109-111.

Furthermore, Travelers argues that the work the Insureds performed was not necessary and reasonable.  Behnke v. State Farm General Ins. Co., 196 Cal. App. 4th 1443, 1460 (2011) ("It is well established than an insurer that retains *Cumis* counsel to defend its insured is legally obligated to pay only reasonable and necessary defense costs.").[3]  Travelers cites to deposition testimony by Ogden in which Ogden notes he would not have taken the engagement if he knew that March and Bright intended to do the majority of legal work, and that he has no doubt that his firm "would have done an excellent job in the Louderback case if [the Insureds] had acted as clients and not as lawyers."  Pltf. Opp. at 42.  Further, Ogden testified that March "lacked the judgment to

---

[3] Travelers note that if the Court finds that Travelers is obligated to pay March and Bright for attorneys' fees, the total amount must be determined by an arbitrator. Cal. Civ. Code § 2860(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

know when it would be in her client's best interests not to advance a particular argument," and that the case "was not prosecuted and defended in a way that [Ogden has] experienced results in efficiency and good results." Pltf. Opp. at 43. Travelers cites to evidence that Ogden told March he was "uncomfortable" billing BLF's time because he did not think Travelers was obligated to pay it. Pltf. Opp. at 45.

Regarding Procter's representation, Travelers cites to deposition testimony in which Procter states that agreeing to have BLF as co-counsel was "a mistake" that added "a layer of complication and inefficiency," and that there was not any work that March or Bright did that Procter determined was better done by the Insureds than by his firm. Pltf. Opp. at 47-48. Procter goes on to state that after "about a month into the case, [he] would have preferred to have handled all of the attorney work product [himself] or within [his] firm." Pltf. Opp. at 48. When resigning, Procter stated that the Insureds' agreement was "highly inefficient," and proposed that his firm take full responsibility for the defense, while the Insureds represent themselves in the cross-complaint. Pltf. Opp. at 50.

Regarding Park Jensen LLP's representation, Travelers points to Jensen's testimony that his firm could have taken on the Louderback case if March and Bright were not attorneys, and thus Travelers argues that Jensen's firm was qualified on its own to represent the Insureds. Pltf. Opp. at 54. Travelers argues that the testimony of the three *Cumis* firms shows that BLF was not assisting at the request of *Cumis* counsel, but rather through force.

Lastly, Travelers notes that the language of § 2860 describes *Cumis* counsel selected by the insured as "independent counsel." Cal. Civ. Code § 2860. Pltf. Opp. at 59. Travelers argues that, by the nature of the fact that March and Bright are parties to the underlying litigation, they cannot in fact select themselves as "independent" counsel. Pltf. Opp. at 59. Travelers cites to <u>Trope v. Katz</u>, 11 Cal. 4th 274 (1995), in which the California Supreme Court held that an attorney who chooses to litigate in *pro per* rather than retain another attorney to represent him cannot recover reasonable attorneys' fees. <u>Id.</u> at 274,[4] <u>see also</u> <u>Richards v. Sequoia Insurance Company</u>, 195 Cal. App. 4th 431

---

[4] Travelers also notes that Travelers' policy sets out narrow circumstances in which Travelers is obligated to pay the Insureds for their time, and this case does not involve those circumstances. Pltf. Opp. at 61. The policy states: "We will pay, with respect to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

(2011) (holding that husband and wife attorneys who were the insured were not entitled to be paid for acting as their own attorneys).

The Insureds rebut Travelers' argument that March and Bright did not have the required five-year statutory experience to be appointed as *Cumis* counsel under § 2860. The Insureds argue that because BLF was assisting *Cumis* counsel, and not applying to be appointed as *Cumis* counsel, they were not required to meet the experience requirements under § 2860. Def. Reply at 11. Assuming *arguendo* it was necessary, the Insureds argue that March had enough experience to meet the "5 year civil litigation practice including defense experience," because March had litigated 3 years in a firm doing real estate development, and had significant real estate property litigation experience as a bankruptcy judge and lead attorney at BLF. Def. Reply at 11.

Further, the Insureds point to the language of the agreement between Travelers and the Insureds in which both parties agreed that if the Insureds hired Roy Ogden, then they would not need to hire separate *Cumis* counsel. Def. Reply at 13. The Insureds note that in the e-mail, March states that "Roy Ogden, Esq. (*helped by me*[March[]) is the best attorney to" defend the underlying action. Ex. 23 (emphasis added). The Insureds emphasize that neither Civ. Code § 2860 nor the agreement between the parties placed any restrictions on the right of Ogden, as *Cumis* counsel, to control the defense, including what personnel to use to defend the underlying action. Def. Reply at 15. Moreover, the Insureds argue that whether BLF worked more hours than the *Cumis* firms did is legally irrelevant to Travelers' duty to pay for BLF's work. Def. Reply at 16.

The Insureds reiterate that the work they performed was necessary. Def. Reply at 18. The Insureds argue that all of the pleadings that BLF worked on are normal and customary pleadings commonly filed, necessary to defend lawsuits. Id. Further, the Insureds argue all the other BLF work was necessary, including taking depositions and working with experts to prepare for trial. Id. at 20. The Insureds argue that Travelers has

---

any claim we investigate or settle, or any suit against an insured we defend [] all reasonable expenses incurred by the insured at our request to assist us with the investigation or defense of the claim or suit, including actual loss of earnings up to $250 a day because of time off from work." Pltf. Opp. Ex. 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

provided no evidence that any of the work BLF did for Park Jensen LLP or any other *Cumis* counsel was unreasonable or unnecessary.

Finally, the Insureds distinguish <u>Trope</u>, 11 Cal. 4th at 431, arguing that because Walking U Ranch LLC is a limited liability company, it is therefore a separate legal entity from March and Bright, and as such, March and Bright are not seeking to be paid for representing themselves. Def. Reply at 22. Further, the Insureds argue that <u>Trope</u> is distinguishable because BLF was assisting *Cumis* counsel, and therefore, was not solely representing itself. <u>Id.</u>

When the duty to defend arises, normally an insurer may discharge that duty by appointing counsel to defend the insured. However, insurer-appointed counsel face a conflict of interest when defending cases in which the conduct of the defense could affect whether that claim is covered under the insurance policy. When such a conflict of interest arises, an insurer may be required to provide independent counsel to defend the insured. "California courts first recognized the right to independent counsel at an insurer's expense, if a conflict of interest exists between an insurer and its insured based on possible noncoverage under an insurance policy, in <u>San Diego Navy Federal Credit Union v. Cumis Ins. Society Inc.</u>, 162 Cal. App. 3d 358, 208 (1984)." <u>Park Townsend LLC v. Clarendon Am. Ins. Co.</u>, 916 F. Supp. 2d 1045, 1053 (N.D. Cal. 2103). "The <u>Cumis</u> opinion was codified in 1987 by the enactment of Civil Code § 2860, which 'clarifies and limits' the rights and responsibilities of insurer and insured as set forth in <u>Cumis</u>." <u>James 3 Corp. v. Truck Ins. Exchange</u>, 91 Cal. App. 4th 1093, 1100 (2001).

Cal Civ. Code § 2860(a); (c): states:

> If the provisions of a policy of insurance impose a duty to defend upon an insurer and a conflict of interest arises which creates a duty on the part of the insurer to provide independent counsel to the insured, the insurer shall provide independent counsel to represent the insured unless [] the insured expressly waives, in writing, the right to independent counsel.
>
> When the insured has selected independent counsel to represent him or her, the insurer may exercise its right to require that the counsel selected by the insured possess certain minimum qualifications which may include that the selected

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

counsel have (1) at least five years of civil litigation practice which includes substantial defense experience in the subject at issue in the litigation, and (2) errors and omissions coverage. The insurer's obligation to pay fees to the independent counsel selected by the insured is limited to the rates which are actually paid by the insurer to attorneys retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended.

Further, § 2860(f) goes on to state:

Where the insured selects independent counsel pursuant to the provisions of this section, both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation. Counsel shall cooperate fully in the exchange of information that is consistent with each counsel's ethical and legal obligation to the insured. Nothing in this section shall relieve the insured of his or her duty to cooperate with the insurer under the terms of the insurance contract.

In Buss v. Superior Court, 16 Cal. 4th 35, 39 (1997), the Court held that an insurer who owes a duty to defend breaches that duty if it delays in paying, or does not pay, the insured's reasonable attorneys' fees. Further, "[t]he insurer is under both a statutory and contractual obligation to pay fees and costs incurred by the independent counsel selected by the insured." Croskey, Heesman & Imre, Cal. Practice Guide: Insurance Litig. ¶ 7:802 (Rutter Group 2020) (internal citations omitted). "To defend meaningfully, it must defend immediately. To defend immediately, it must defend entirely." Seagate Technology LLC v. National Union Fire Ins. Co. of Pittsburgh, PA, 737 F. Supp. 2d 1013, 1017 (N.D. Cal. 2010) (internal citation omitted).

Here, neither party disputes that under this Court's previous order and under Cal. Civ. Code § 2860, Travelers has a duty to pay *Cumis* counsel, and both parties agree that Travelers has paid each successive *Cumis* counsel in full. Accordingly, the narrow question before the Court is whether, by paying *Cumis* counsel, but not paying for the work performed by March and Bright through BLF, Travelers has in fact paid "*all* the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

insureds' necessary attorneys' fees."  Croskey, Heesman & Imre, Cal. Practice Guide:
Insurance Litig. ¶ 7:802 (emphasis added).

For the reasons set forth below, the Court finds that March and Bright are not
entitled to attorneys' fees for the work they performed through BLF; and that Travelers
has paid all necessary attorneys' fees by paying each successive *Cumis* counsel.  An
examination of the case law, including California Supreme Court precedent, mandates
this conclusion.  See Trope v. Katz, 11 Cal. 4th 274 (1995).  In Trope, a law firm
represented itself against its former client in a breach of contract claim. The California
Supreme Court held that "an attorney who chooses to litigate in *propria persona* rather
than retain another attorney to represent him or her in an action to enforce a contract
containing an attorney fee provision cannot recover reasonable attorney fees" because the
attorney litigating in *propria persona* cannot be said to "incur" compensation for his or
her own time and lost business opportunities.  Id.

The Supreme Court reasoned as follows:

Trope & Trope contends that unless we construe section 1717 as it proposes, many
attorneys will "assign" their claims to a third party with the understanding that the
third party will then "hire" them to litigate the case. But we have no reason to
believe that [] attorneys have attempted to avoid the rule of that decision by taking
the ethically questionable step of hiring a straw man to stand in for them as a party
to a contract action to which section 1717 applies.  And the theoretical possibility
that some attorneys could do so in the future does not justify a rule that would
allow all attorney litigants to recover attorney fees when they appear in *propria
persona*. To embrace such reasoning would in effect be to conclude that any rule
that some individuals may attempt to circumvent or violate should be abandoned
so as not to encourage such conduct. The absurdity of such a conclusion is
obvious. It would follow, for example, that there should be no contracts because
people may break them, no tax laws because people may avoid them.

Id. at 290.

Similarly here, March and Bright cannot be said to "incur" fees for their own time
or lost business opportunities by representing themselves.  In short, they do not owe any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|----------|--------------------------|------|----------------|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

attorneys' fees or expenses to themselves.  Awarding attorneys' fees to March and Bright based on the contention that they were acting as "assistants" to *Cumis* counsel would be tantamount to what the California Supreme Court declared would be an improper attempt to circumvent this rule.

While the Court acknowledges there are some distinctions between the facts before it and the facts of <u>Trope</u>, the Court finds these distinctions to be inapposite to the issue at hand.  While the <u>Trope</u> court's decision focused on the construction of Cal. Civ. Code §1717, the <u>Trope</u> court looked beyond the statute in its analysis. The court reasoned that within "the usual and ordinary meaning of the word 'attorney fees,' both in legal and in general usage, is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation" and "an attorney representing *pro per* pays no such compensation." <u>Id.</u>  Further, the <u>Trope</u> court noted that Black's Law Dictionary defines "fee" as a "recompense for an official or professional service or a charge or emolument or compensation for a particular act or service. . ." <u>Id.</u> at 280.

Here, because March and Bright were the sole owners of Walking U Ranch LLC, March and Bright never became liable to pay attorneys' fees to their wholly-owned company in the underlying action for the hours they worked on the case; and as such, they cannot claim to owe fees within the word's general or legal usage, or as defined in Black's Law Dictionary.  <u>Id.</u>[5]

---

[5]     During the February 14, 2022 hearing, the Insureds cited to the California Supreme Court case, <u>PLCM Group, Inc v. Drexler,</u> in support of their argument that they are entitled to attorneys' fees.  22 Cal. 4th 1084 (2000).  The Court finds <u>PLCM Group</u> distinguishable.

In <u>PLCM Group</u>, an insurance company that administered professional liability insurance brought an action against an insured attorney to recover part of the deductible owed for defending the insured attorney in an underlying action against him. <u>Id.</u> The insurance company prevailed.  <u>Id.</u> The California Supreme Court, affirming the decision of the trial court, held that the insurance company was entitled to recover attorneys' fees even though the insurance company was represented by corporate in-house counsel. <u>Id.</u> The court reasoned that "like private counsel, in-house counsel stands in an attorney-client relationship with the corporation and provides comparable legal services," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

Further, the court in Richards v. Sequoia Ins. Co. applied the California Supreme Court's reasoning in Trope to facts similar to those currently before the Court. 195 Cal. App. 4th 431 (2011). In Richards, Linda and Thomas Richards, a married couple who are both licensed attorneys, sued Sequoia Insurance Company for breach of contract and breach of the covenant of good faith and fair dealing, due to the insurance company's delay in providing a defense and coverage in a wrongful death action. Id. A patron of the Richardses' bar was fatally injured in a car accident after leaving the bar, and the patron's estate sued the Richardses and the bar for negligently serving alcohol. Id. at 433. While the insurance company was determining whether it had a duty to defend, the

---

therefore in-house counsel does not represent its own personal interest. Id. at 1088. The PLCM Group court distinguished Trope, explaining:

> "There is no problem of disparate treatment; in-house attorneys, like private counsel but unlike *pro se* litigants, do not represent their own personal interests and are not seeking remuneration simply for lost opportunity costs that could not be recouped by a nonlawyer. A corporation represented by in-house counsel is in an agency relationship, i.e., it has hired an attorney to provide professional legal services on its behalf. Nor is there any impediment to the effective and successful prosecution of meritorious claims because of possible ethical conflict or emotional investment in the outcome."

> Id. at 1093.

The PLCM Group court's reasoning demonstrates that in-house counsel's representation of a corporation is far different from March's and Bright's representation of Walking U Ranch LLC, as there is no separate attorney-client relationship between Walking U Ranch and March and Bright, because the Insureds are the sole owners of the LLC. Further, March's and Bright's representation serves their own personal interests, as they are parties to the suit, unlike in-house counsel in PLCM Group. And unlike the in-house counsel in PLCM Group, March and Bright do not have an attorney-client relationship with themselves.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

Richardses hired an outside attorney to represent them with the understanding that the Richardses would do the majority of the legal work.  Id. at 434.

The parties in Richards disputed "whether [the insurer was] obligated to pay the Richardses for the time they expended as attorneys working on the case on their own behalf."  Id.  The California appellate court affirmed summary judgment for the insurance company, holding that the Richardses' self-representation in defending the underlying wrongful death action did not result in any economic loss, and therefore did not result in any legally cognizable damages for the breach of contract claim.  Id. at 436.  Because the measure of damages for any breach of the insurance company's contractual duty to defend were "costs and attorneys' fees expended by the insured in defending the underlying action," and because the Richardses did not "expend" attorneys' fees defending themselves, the court held that the parties' self-representation did not give rise to a claim for legally cognizable damages.  Id. at 437.

The Richards court noted that while Trope was not dispositive because it turned on the construction of Civ. Code. § 1717, it found the Trope court's construction of "reasonable attorney's fees" instructive. "There is no reason in these circumstances to depart from Trope's thorough analysis, albeit in other contexts, that compensation for the Richardses' self-representation is not the payment of attorney's fees expended by the insured."  Id. at 437.  The Richards court focused on whether the Richardses had expended any fees, not on the value of their services, and held that the Richardses had no such claim for the time spent representing themselves.  Id. at 438 ("A plaintiff who cannot show payment of legal expenses in defense of a claim does not show contract damages due to an insurer's delay in assuming responsibility").

In Richards, there were "no legally cognizable damages," because the insurer had paid all fees that the insureds incurred by the outside lawyer, even though the insurer did not pay the Richardses for representing themselves.  Similarly here, Travelers paid all of Cumis counsels' fees, and March and Bright cannot "show payment of legal expenses" for the legal work they performed for themselves and their wholly-owned LLC.

Further, the Richards court held that "there is nothing in this record to suggest that [the insurer] consented to compensate the Richards for their efforts in propria persona or that the Richards could have had any reasonable expectation of compensation in light of the language of [the insurer's] policy."  Similarly here, there is nothing in the record that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

suggests that Travelers consented to compensate March and Bright for their assistance to *Cumis* counsel.  Rather, Travelers repeatedly made it clear that it "does not expect to receive any invoices from February 26, [2018], onward for work by The Bankruptcy Law Firm [] absent a prior written agreement with Travelers."  Pltf. Opp. at 36; Ex. 34. Travelers repeated its position multiple times to both March-Bright-Ranch and *Cumis* counsel throughout the case.  See, e.g., Pltf. Opp. at 38 See exs. 33, 37, 44, 50, 52, 54, 57, 60, 62, 63, 90, 93, 96-99, 101-105, 107, 109-111.

Despite the courts' holdings in Trope and Richards, the Insureds still contend that because they were defending Walking U Ranch, LLC, a separate entity, March's and Bright's situation is distinct from the *propria persona* cases cited above.  The Court disagrees.  See, e.g., Gorman v. Tassajara Development Corp., 178 Cal. App. 4th 44 (2009).

In Gorman, a homeowner who was also an attorney at a law firm, represented himself and his wife in a lawsuit against a contractor who had performed construction work on their residence.  Id. at 52. The construction contract provided for the recovery of attorneys' fees to the prevailing party; and the settlement agreement between the parties found the husband and wife to be the prevailing party.  Id. The husband and wife then requested $1,350,538.83 in attorneys' fees.  Id. at 59. The court found that there was no attorney-client relationship between the homeowner-attorney and his wife.

> There is no indication that [the wife] suffered any damages apart from those suffered by her husband. Their interests in this matter appear to be *joint and indivisible*. There is no claim that [homeowner-attorney] spent extra time in this case representing his wife in addition to the time he spent representing himself. There is no claim that each of them owes half his fees. Their community estate is liable for their contracts. [] Since [the homeowner-attorney's] billable hours appear to be entirely attributable to representing his common interests with [his wife], we conclude that the rule of Trope applies to this situation.

> Id. at 95 (*emphasis added*).

Here, March, Bright, and Walking U Ranch's interests are "joint and indivisible," and the Insureds do not dispute that March's and Bright's hours billed were in March-Bright-Ranch's common interest.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

Further, the <u>Gorman</u> court addressed and dismissed the homeowner-attorney's argument that because his law firm is a separate legal entity from him, he is entitled to attorneys' fees:

> Plaintiffs seek to distinguish <u>Trope</u> on several grounds.  They assert that since the Gorman firm is incorporated, it is a separate legal entity from the individual John Gorman. John Gorman declared that he entered into written retainer agreements with 'the law firms of Bowman & Brooke, LLP, Gorman & Miller, PC in connection with this action.'  In our opinion, the rationale of <u>Trope</u> applies to a lawyer who is representing himself in litigation, whether or not that lawyer has chosen to incorporate. Though his corporation may send the bill, the same person is the attorney and the client. When the client is also the chief executive officer, chief financial officer, and president of the corporation, there is the same lack of a true attorney-client relationship "

<u>Gorman</u> is directly on point.  Because March's interests are congruent with the interests of Walking U Ranch, LLC—which March and Bright wholly-own—and with the interests of her husband Bright, there is no true attorney-client relationship between the individuals and entity that would entitle the Insureds' to attorneys' fees.

Moreover, the Court notes that from the outset of the litigation, Travelers continuously made clear that it did not agree to March and Bright serving as *Cumis* counsel, nor to them assisting *Cumis* counsel in the underlying action.  Pltf. Opp. at 36 Ex. 34.  Further, the Court finds that March's statement in the initial agreement between the two parties—in which the parties agreed to the Insureds' selection of Roy Ogden to serve as *Cumis* counsel as "the only attorney" "helped by [March]"—does not create a genuine issue of material fact as to whether Travelers agreed to have March assist as an attorney because (1) Travelers made it abundantly clear that it did not agree to compensate March and Bright for the hours they spent in litigating the matter, and (2) the agreement stated Ogden would be "the only attorney," and the phrase "helped by March" appears to indicate that March would assist as a client, not as an attorney for herself or Bright or their LLC.  Ex. 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|----------|--------------------------|------|----------------|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

Accordingly, the Court **DENIES** the Insureds' motion for summary judgment regarding attorneys' fees and finds that Travelers' is entitled to a judgment that it is not required to pay attorneys' fees for the hours billed by March and Bright.[6]

    2.  <u>Order to Show Cause re Civil Contempt</u>

In their motion for summary judgment, the Insureds seek an order to show cause directing Travelers to show cause as to why Travelers should not be held in civil contempt for not following this Court's order that found that Travelers owes a duty to defend Ranch-March-Bright in the underlying action. <u>Id.</u> at 11. The Insureds reason that by not paying the legal fees of BLF, Travelers has ignored this Court's order because it did not pay the entirety of the attorneys' fees incurred to defend the underlying action. <u>Id.</u> at 10; <u>Maness v. Meyers</u>, 419 U.S. 449, 458 (1975) (holding that a party has a duty to comply with a Court order, unless and until it is reversed).

Travelers responds that a finding of contempt requires a showing by clear and convincing evidence that Travelers violated a specific and definite court order, which the Insureds have not shown here. Pltf. Opp. at 57. <u>In re Dual-Deck Video Cassette Recorder Antitrust Litig.</u>, 10 F. 3d 693, 695 (1993) (finding that a person should not be held in contempt if his or her action "appears to be based on a good faith and reasonable interpretation of the court's order") (internal citation omitted).

Fed. R. Civ. P. 70(e) states that a Court may hold a party which disobeys a court's order in contempt. <u>See</u> Phillips & Stevenson, Rutter Group Prac. Guide: Federal Civ. Pro. Before Trial ¶11:2437 (The Rutter Group 2020) citing <u>In re Dual-Deck Video Cassette Recorder Antitrust Litig.</u>, 10 F.3d 693, 695 (9th Cir. 1993): "To support a judgment of contempt, the district court must find, based on clear and convincing evidence, the following: that the party violated the order; that the violation did not

---

[6] The Court notes that even if the Court found that March and Bright were entitled to fees for the time spent defending themselves in the underlying action, the reasonableness of those fees would have to be determined by an arbitrator pursuant to Cal Civ. Code § 2860(c) ("Any dispute concerning attorney's fees not resolved by [the parties] shall be resolved by final and binding arbitration by a single neutral arbitrator selected by the parties to the dispute").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

constitute 'substantial compliance' with the order; and that the violation was not based on a good faith and reasonable interpretation of the order."

Here, the Court's previous order stated that "Travelers owes a duty to defend the Insureds with respect to the underlying action." Dkt. 35 at 13. As discussed *supra*, the Court found that Travelers has met its duty to defend by paying appointed *Cumis* counsels' fees in accordance with the Court's order, and that Travelers was not required to pay attorneys' fees for the work performed by March and Bright in the underlying action. Therefore, the Court finds Travelers is not in contempt of the Court's order.

Further, nothing in the Court's August 6, 2018 order stated that Travelers is required to incur all legal fees, whether reasonable or not, so that even if Ranch-March-Bright were correct that the order required payment of March and Bright, it lacks the specificity required to give rise to a finding of contempt. It is erroneous to state that the Court's order required Travelers to pay all attorneys' fees, even if those fees were unreasonable or unapproved.

Accordingly, the Court **DENIES** the Insureds' motion for summary judgment regarding the order to show cause and finds that Travelers is not in contempt of the Court's August 6, 2018 order.

### C.      Travelers' Motion for Summary Judgment

####       1.      Duty to Defend

In its cross-motion, Travelers argues that it is entitled to a declaration that it is no longer obligated to defend the Insureds in the underlying action. Pltf. MSJ at 2.[7]

The Insureds' policy states under Coverage B, regarding personal and advertising liability, that Travelers "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies." Pltf. MSJ at 9. Under Coverage B, there must be personal injury caused by an

---

[7] On February 11, 2022, subsequent to the parties' briefings on this motion, the Louderbacks filed a notice of appeal in the underlying action, appealing the state court's judgment entered on December 22, 2021. Dkt. 170.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|----------|--------------------------|---|------|----------------|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

enumerated offense such as "publication . . . of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services."  Id. Travelers emphasizes that the basis of this Court's ruling that Travelers owed a duty to defend, dkt. 35, was narrow.  The Court found that although the Louderbacks did not assert claims for defamation, "a number of allegations demonstrate potentially defamatory remarks concerning the Louderbacks," and as such "reveal potential liability for slander of person for purposes of Coverage B."  Dkt. 35 at 9-13.

Travelers reasons that now that the underlying case has been decided, and the Louderbacks never brought a defamation claim—which was the sole reason Travelers was required to defend the Insureds—any obligation for Travelers to defend the Insureds has ended. Pltf. MSJ at 21. See California Union Ins. Co. v. Club Aquarius, 113 Cal. App. 3d 243, 247 (1980) (holding that the insurer has "the right to withdraw from the defense once the federal court, by its findings, had made it clear that the case, in fact, did not involve the limited risk set forth in that policy") (internal citation omitted).  Travelers emphasizes that the Louderbacks never amended their complaint to include a defamation claim nor pursued damages on account of defamation.  Pltf. MSJ at 23.  Further, Travelers noted in oral argument at the February 14, 2022 hearing, that an appeal by the Louderbacks does not, and could not, raise a duty to defend because an appeal cannot involve a defamation claim which the plaintiffs never brought.  Pltf. MSJ at 23, Exs. 13-14.

In the Insureds' opposition, the Insureds asked the Court to grant summary adjudication in favor of the Insureds and hold that Travelers has a duty to pay *Cumis* counsel to defend the Insureds in an appeal.  Def. Opp. at 3; 17.  In their brief, the Insureds argue that it is premature to hold that Travelers does not have a duty to defend anymore because the Louderbacks' time to appeal the judgment in the underlying action does not run until after the February 14, 2022 hearing on the motions.  Def. Opp. at 13.[8] Plus, the Insureds note that "costs" proceedings are still ongoing in the underlying action.

---

[8] During oral argument at the February 14, 2022 hearing, the Insureds note that since the Louderbacks have appealed the judgment in the underlying action, it is still premature to hold that Travelers no longer has a duty to defend while the appeal is ongoing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

Id. The Insureds argue that Travelers must continue to defend on appeal since potentially covered claims against the Insureds remain. Id. at 14.

The Court finds that Travelers no longer has a duty to defend in the underlying action. The California Supreme Court has held that an insurer's duty to defend is excused when the "complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." Montrose Chem. Corp. v. Superior Court, 6 Cal. 4th 287, 299 (1993). A leading treatise in California Insurance Litigation states: "A successful challenge to the only claim on which there is coverage will mean there is no further duty to defend and will force the insured to pay future defense costs on the remaining claims." Croskey, Heesman & Imre, Cal. Practice Guide: Insurance Litig. ¶ 7:666 (Rutter Group 2020); see also Lumbermens Mut. Cas. Co. v. Corning, Inc., 2008 U.S. Dist. LEXIS 126717 (C.D. Cal. 2008)("[P]artial judgment as to all covered claims is one of the few circumstances justifying the insurer's withdrawal of its defense") (internal citation omitted). Pltf. MSJ at 22.

The Insureds cite to Prichard v. Liberty Mutual Ins. Co. in support of their argument. 84 Cal. App. 4th 890, 903-04 (Ct. App. 2000). However, Prichard is distinguishable. Prichard holds that an insurer's duty to defend includes a duty to defend the insured on appeal when *some of the claims are at least potentially covered* and others are not. 84 Cal. App. 4th 890, 903-04 (Ct. App. 2000) (emphasis added) (finding that the insurance companies' duty extended beyond the close of evidence, and that it was "required to continue defending during the appeal" because "it was still possible that [the insurance company] might have some indemnification liability [] as the facts against the policyholder" have not "necessarily been calcified").

Here, none of the Louderbacks' claims are even potentially covered in the appeal. The only claim by the Louderbacks that could have potentially been covered by the policy would have been a defamation claim. But the Louderbacks never amended their complaint to include a defamation claim, nor sought damages on account of defamation. Therefore, there is no potential that this appeal can include a defamation claim, because "any appeal by the underlying plaintiffs cannot involve a defamation claim which they never brought." Dkt. 139. Accordingly, Travelers "should not have to remain in the case and provide a defense where the facts make clear that the litigation [] only involves non-covered claims." Lumbermens, 2008 U.S. Dist. LEXIS 126717 at 53-54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

Accordingly, the Court **GRANTS** Travelers' motion without prejudice and finds that Travelers is no longer obligated to defend the Insureds in the underlying action.

       2.    <u>Counterclaims</u>

Travelers argues that the Insureds' counterclaims for (1) breach of contract, (2) breach of the covenant of good faith and fair dealing, and (3) breach of California Business & Professions Code § 17200 fail as a matter of law. Pltf. MSJ at 7. Because it has satisfied its obligation to provide a defense to the Insureds in the underlying action by paying *Cumis* counsel, Travelers argues it did not breach its insurance agreement, and as such, none of the claims for relief in the counterclaim can be sustained. Pltf. MSJ at 8.

The Insureds' counterclaim for breach of contract states that: "Travelers has breached the policies at issue here by failing to provide, and by continuing to fail to provide, Insureds with a defense of the Underlying Action." Pltf. MSJ at 25. Travelers argues that because Travelers confirmed it would provide a defense under a reservation of rights, appointed counsel to defend the action in fewer than forty days after the Insureds tendered, Cal. Code. Reg. § 2695.7, and paid all three *Cumis* counsel every hour that was billed, it has not breached the insurance contract. Pltf. MSJ at 25-26. Travelers reiterates its arguments from its opposition brief as to why it is not obligated to pay March and Bright for the hours they billed defending themselves. Pltf. MSJ at 26.

Travelers notes that the Insureds' second counterclaim for "bad faith" is based on the same alleged contract breach, and that there cannot be a "bad faith" claim absent an actual breach of contract. <u>Id.</u> at 27. Regarding the Insureds' third counterclaim for breach of the California Business & Professions Code § 17200, the Insureds allege that Travelers' conduct "constitutes unfair, deceptive, unlawful and/or fraudulent business practices." Pltf. MSJ at 29 (citing counterclaim ¶ 29). Travelers argues that because the unfair competition claim is based on the insurance contract, and because there is no breach of that contract, there can be no resulting unfair competition claim. Pltf. MSJ at 29.

In their opposition, the Insureds request that the Court apply Fed. R. Civ. P 56(f)(1) and grant summary adjudication in favor of the Insureds on their counterclaims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | March 10, 2022 |
|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | |

Def. Opp. at 3.[9]  The Insureds argue that Travelers both breached its contract and acted in bad faith by refusing to pay BLF for over three years for BLF's time defending the underlying action.  Def. Opp. at 5.  Therefore, the Insureds argue that Travelers is not entitled to summary adjudication dismissing the Insureds' counterclaims.  Def. Opp. at 5.

Travelers replies that the Insureds' contention that Travelers breached its insurance contract or otherwise acted in bad faith relies on the core assumption that Travelers was obligated to pay March and Bright to act as their own attorneys.  Pltf. Reply at 9. Travelers reiterates it has no such obligations.  Id.

As the Court held *supra*, Travelers is not obligated, as a matter of law, to pay March's and Bright's attorneys' fees for the hours they spent in the underlying action.  As such, Travelers has paid the entirety of the attorneys' fees owed to *Cumis* counsel, and is not in breach of the insurance contract.

Because it has satisfied any obligation it had to provide a defense to the Insureds in the underlying action, Travelers did not breach its insurance agreement, and as such none of the claims for relief in the counterclaim can be sustained.  The second counterclaim for "bad faith" is based on the same alleged contract breach, and there cannot be a "bad faith" claim absent an actual breach of contract.  Id. at 27; see, e.g., Pasadena Live v. City of Pasadena, 114 Cal. App. 4th 1089, 1094 (2004) ("The implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract.") (internal citation omitted).[10]  Further, to the extent that there is a claim under Cal. Bus. & Prof. Code § 17200, it is barred because there has been no breach of contract and no breach of the implied covenant of good faith and fair dealing.  See, e.g., DCD Partners, LLC v. Transamerica Life Insurance Company, 2018 WL 3770070 (C.D. Cal.

---

[9] The Insureds argue in their opposition that pages 7-11 of Travelers' motion for summary judgment should be "ignored and stricken, as a covert, improper attempt to collaterally attack this Court's 8/6/18 order."  Pltf. Opp. at 10.

[10] Further, even assuming *arguendo* that the Court did not grant summary judgment in favor of Travelers regarding the duty to defend, the Insureds have still not stated a "bad faith" claim, because there can be no bad faith when there is a genuine dispute between the parties, as there is here.  Ospal v. United Service Automobile Association, 2 Cal. App. 4, 1197, 1205 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | | Date | March 10, 2022 |
|---|---|---|---|---|
| Title | THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT ET AL. V. WALKING U RANCH, LLC | | | |

Aug. 1, 2018) ("[A] breach of contract, standing alone, is insufficient to support a UCL claim; [a] breach of contract may nevertheless form the predicate for a UCL claim provided it also constitutes conduct that is unlawful, or unfair, or fraudulent.") (internal quotation omitted).

Accordingly, the Court **GRANTS** Travelers' motion for summary judgment on the Insureds' counterclaims.

## V.    CONCLUSION

In accordance with the foregoing, the Court:

(1) **DENIES** the Insureds' motion for summary judgment and finds that Travelers' is entitled to a judgment that it is not required to pay attorneys' fees for the hours billed by March and Bright in the underlying action;

(2) **GRANTS** Travelers' motion for summary judgment without prejudice, finding that it no longer has a duty to defend in the underlying action; and

(3) **GRANTS** Travelers' motion for summary judgment on the Insureds' counterclaims.

Travelers' shall lodge a form of Judgment with the Court that coincides with this Order no later than March 17, 2022.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |