UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:18-cv-02482-CAS(GJSx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al. v. Walking U Ranch, LLC et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - MOTION FOR RECONSIDERATION (Dkt. 215, filed on November 8, 2023)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of December 18, 2023, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On March 27, 2018, The Travelers Indemnity Company of Connecticut and Travelers Causality Insurance Company of America (collectively, "Travelers") filed the complaint in this action against Walking U Ranch, LLC, Kathleen P. March, Patrick F. Bright, and Does 1 through 10, Inclusive, (collectively, "Ranch-March-Bright" or "the Insureds"). Dkt. 1 ("Compl."). The history of this case is well-known to the parties and set forth in the Court's March 10, 2022, order. See dkt. 138.

On May 14, 2018, the Insureds filed an answer and asserted counterclaims against Travelers for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unfair, deceptive, unlawful, and fraudulent business practices in violation of California Business & Profession Code § 17200 et seq. Dkt. 12.

On June 15, 2018, Travelers moved for summary judgment and to compel arbitration. Dkt. 19, 21. On August 6, 2018, the Court denied Travelers' motion for summary judgment, concluding that Travelers owes a duty to defend the Insureds with respect to the underlying action. Dkt. 35 at 13. Additionally, the Court partially granted the Insureds' Fed. R. Civ. P. 56(f) request based on the Court's conclusion that Travelers

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-02482-CAS(GJSx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al. v. Walking U Ranch, LLC et al. | | |

has a duty to defend.  Id.  The Court declined to grant summary judgment in favor of the Insureds on the issue of Travelers' duty to indemnify.  Id.  The Court denied Travelers' motion to compel arbitration regarding all disputes concerning attorneys' fees, opting to first resolve "the threshold issues of whether Travelers breached its duty to defend and breach[ed] the implied covenant of good faith and fair dealing" to "avoid the potentially prejudicial effect of an arbitrator's factual findings on these counterclaims."  Id. at 16-17.

On November 3, 2021, the Insureds filed an amended motion for summary judgment, requesting that the Court order Travelers to pay (1) $616,695 in attorneys' fees necessarily expended to defend the Insureds in the underlying action; and (2) $101,122 in additional fees for the "reasonable and necessary work" of Cumis counsel.  Dkt. 131.  On December 17, 2021, Travelers filed a cross-motion for partial summary judgment, arguing that Travelers has no further duty to defend the underlying action.  Dkt. 139.

On March 10, 2022, the Court issued an order addressing "whether Travelers is required to pay attorneys' fees to March and Bright, who assisted the successive Cumis counsel that represented the Insureds in the underlying action."  Dkt. 173 at 1.  The Court denied the Insureds' motion for summary judgment, finding that Travelers' is not required to pay attorneys' fees for the hours billed by the Insureds in the underlying action.  Dkt. 173 at 34.  The Court also granted Travelers' motion for summary judgment, finding that Travelers no longer has a duty to defend in the underlying action.  Id.  Additionally, the Court granted Travelers' motion for summary judgment on the Insureds' counterclaims.  Id.  On March 17, 2022, the Court entered a final judgment reflecting its March 10, 2022, rulings (the "Final Judgment").  Dkt. 179.

On April 6, 2022, the Insureds appealed the Final Judgment to the Ninth Circuit.  Dkt. 188.  On April 19, 2023, the Ninth Circuit affirmed the Court's grant of summary judgment to Travelers on the Insured's claim for a bad faith breach of the insurance policy and request for attorneys' fees.  Dkt. 196.

On September 11, 2023, the Court held a scheduling conference to determine the remaining issues in the case following the Ninth Circuit's decision.  Dkt. 206.  On October 5, 2023, the Court requested supplemental briefing addressing, among other issues, whether this Court's decision granting Travelers motion for partial summary judgment forecloses the Insured from claiming reimbursement for the shortfall between Cumis counsels' hourly rates and the $200/hour rate paid by Travelers.  Dkt. 208.  On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-02482-CAS(GJSx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al. v. Walking U Ranch, LLC et al. | | |

October 11, 2023, the parties filed their respective briefs. Dkt. 209, 210. On October 18, 2023, the parties filed their respective replies. Dkt. 211, 212.

On October 24, 2023, the Court held a hearing. The Court issued an order finding that "the dispute over the appropriate rates for Cumis counsel and the corresponding scope of required discovery should be resolved by arbitration pursuant to Section 2860. Cal. Civ. Code § 2860." Dkt. 214.

On November 8, 2023, Travelers filed the instant motion for reconsideration. Dkt. 215 ("Mot."). On November 27, 2023, the Insureds filed an opposition. Dkt. 217 ("Opp."). On December 4, 2023, Travelers filed a reply. Dkt. 218 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

L.R. 7-18.

## III.   DISCUSSION

Travelers requests that the Court "provide clarification of its Order . . . requiring the parties to participate in arbitration and to provide the basis for its Order." Mot. at 3. It argues that the Court "d[id] not contain any explanation for the basis of [its] finding"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02482-CAS(GJSx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al. v. Walking U Ranch, LLC et al. | | |

that "the dispute over the appropriate rates for Cumis counsel . . . should be resolved by arbitration pursuant to Section 2860." Id.  In the event the Court "has already determined that [d]efendants are entitled to seek damages for any difference between the hourly rate paid by Travelers and the hourly rate decided by the arbitrator," Travelers "requests that this Court provide the basis for its determination." Id. at 4.  Travelers again argues that "[d]efendants have no counterclaim or other pending affirmative claim" and is therefore barred from bringing a claim for breach of contract damages "on grounds of res judicata." Id. at 4, 6.  In support, they again cite the Court's order granting Travelers' motion for summary judgment on the Defendants' counterclaim for breach of contract. Id. at 5.  Travelers inquires as to whether the Court is "reviving [d]efendant[s'] dismissed breach of contract claim and/or creating a new affirmative claim for the [d]efendants[.]" Id. at 4.

In opposition, the Insureds argue that Travelers' failed to meet the requirements of Local Rule 7-18 because it failed to show (a) a material difference in fact or law from that previously presented to the Court; (b) new material facts or a change in law; or (c) a manifest failure to consider material facts presented to the Court.  Opp. at 4-5.  They also argue that Travelers "continues to ignore the fact that the Court did[] [not] have subject matter jurisdiction over the issue of what hourly rate Travelers is required to pay Cumis counsel." Id. at 6.  Finally, the Insureds request that Travelers be ordered to reimburse them for the $104.76 that the Insureds paid for the October 23, 2023, hearing transcript because Travelers failed to attach the transcript to its motion. Id. at 7-8.

In reply, Travelers argues that the Insureds "do not actually oppose Travelers' request for clarification" and therefore reiterates its request that "the Court explain the basis for its Order and what a ruling from the arbitrator means in light of the fact that Defendants have no counterclaim or other pending affirmative cause of action existing before the Court." Reply at 2.  Additionally, to the extent that the Court permits defendants to have a potentially recoverable claim for damages, Travelers "seeks reconsideration on grounds that the Court failed to consider the impact of Defendants' causes of action being dismissed (the dismissal of which was already upheld by the Ninth Circuit). Id. at 3.  Finally, Travelers notes that defendants' reimbursement request is without merit because "[t]here is no requirement for obtaining a transcript to seek clarification or reconsideration." Id.

As a threshold matter, "[t]he dispute over the appropriate rates for Cumis counsel . . . should be resolved by arbitration pursuant to Section 2860" because a federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02482-CAS(GJSx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al. v. Walking U Ranch, LLC et al. | | |

court sitting in diversity must apply California law.  See Karsant Fam. Ltd. P'ship v. Allstate Ins. Co., No. C 08-01490 SI, 2009 WL 188036, at *6 (N.D. Cal. Jan. 27, 2009) ("Compulink[] . . . does not change the result in this case, because this case was not a Cumis fee dispute 'filed in federal court' [but rather was] removed to federal court pursuant to diversity jurisdiction. This Court, sitting in diversity, must apply California law.").  Accordingly, the Court is bound by the plain language of Section 2860 requiring "[a]ny dispute concerning attorney's fees . . . [to be] resolved by final and binding arbitration."  Cal. Civ. Code § 2860.

The Court also finds that, if the arbitrator determines the reasonable Cumis counsel rate was greater than $200/hour, the Insureds may claim reimbursement for the shortfall between the rate determined by the arbitrator and the $200/hour rate the Insureds paid. Travelers' res judicata argument is premised on the Court's March 10, 2022, order granting Travelers' motion for partial summary judgment.  Dkt. 173.  However, "[t]he issue before th[e] Court [regarding the March 10, 2022 order] [wa]s whether Travelers is required to pay attorneys' fees to March and Bright, who assisted the successive Cumis counsel that represented the Insureds in the underlying action."  Id. at 1.  The Court did not address the dispute over the appropriate rate for Cumis counsel.  In fact, the Court explicitly recognized that the Insureds believed that "the [appropriate] hourly rate . . . [for Cumis counsel] was more than $200 per hour" and that they intended to "seek to increase the $200 per hour rate for all Cumis counsel . . . further on in this suit."  Id. at 14-15 n.2. Similarly, the Ninth Circuit's opinion addressed only the Court's "grant of summary judgment to Travelers . . . on the Insureds' claim for a bad faith breach of the insurance policy and request for attorney's fees."  Dkt. 196 at 2.  It did not address any aspect of the Cumis fees dispute.  Accordingly, neither ruling should not be construed as resolving the Cumis rate issue.

Additionally, earlier in this case, the Court denied Travelers' motion to compel arbitration regarding the Cumis fees dispute because the "threshold issues of whether Travelers breached its duty to defend and breach[ed] the implied covenant of good faith and fair dealing [were] unresolved [at that time]" and arbitration would "potentially prejudic[e]" the Court's findings on these counterclaims.  Dkt. 35 at 16-17.  Now that both threshold issues have been resolved, arbitration on the Cumis fees dispute is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:18-cv-02482-CAS(GJSx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al. v. Walking U Ranch, LLC et al. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **DENIES** plaintiff's request for reconsideration.

IT IS SO ORDERED.

|  | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |