UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Robin Herrera | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  
Wynn Kaneshiro

Attorneys Present for Defendants:  
Kathleen March  
Patrick Bright

**Proceedings:** ZOOM HEARING RE: MOTION FOR BENCH TRIAL (Dkt. 244, filed on November 8, 2024)

## I. INTRODUCTION & BACKGROUND

The history of this case is well-known to the parties and set forth in the Court's March 10, 2022, order. See Dkt. 173.

### A. Procedural History

On March 27, 2018, the Travelers Indemnity Company of Connecticut and Travelers Causality Insurance Company of America (collectively, "Travelers") filed the complaint in this action against Walking U Ranch, LLC, Kathleen P. March, Patrick F. Bright, and Does 1 through 10, Inclusive, (collectively, "Ranch-March-Bright," "RMB," or "the Insureds"). Dkt. 1 ("Compl.").

Travelers insured Ranch-March-Bright under several Agribusiness Insurance Policies, including the primary insurance policy, No. 700-5F087056-TCT-17, (the "primary policy"), and the excess liability insurance policy, No. EX-5F087056-17-93, (the "excess policy"). Id. at 1, 4. The Insureds were sued in Santa Barbara Superior Court, Case No. 17-CV-05630 ("the underlying action"), and Travelers agreed to defend the Insureds, while reserving its right to bring this action seeking declaratory relief that Travelers had no duty to defend the Insureds and seeking equitable reimbursement of all fees, costs, and expenses paid by Travelers to defend the underlying action. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

On May 14, 2018, the Insureds filed an answer and asserted counterclaims against Travelers for (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) unfair, deceptive, unlawful, and fraudulent business practices in violation of California Business & Profession Code § 17200 *et seq.* Dkt. 12.

On November 3, 2021, the Insureds filed an amended motion for summary judgment, requesting that the Court order Travelers to pay (1) $616,695 in attorneys' fees necessarily expended to defend the Insureds in the underlying action; and (2) $101,122 in additional fees for the "reasonable and necessary work" of Cumis counsel. Dkt. 131. On December 17, 2021, Travelers filed a cross-motion for partial summary judgment, arguing that Travelers has no further duty to defend the underlying action. Dkt. 139.

On March 10, 2022, the Court denied the Insureds' motion for summary judgment, finding that Travelers is not required to pay attorneys' fees for the hours billed by the Insureds in the underlying action. Dkt. 173 at 34. The Court also granted Travelers' motion for summary judgment, finding that Travelers no longer has a duty to defend in the underlying action. Id. Additionally, the Court granted Travelers' motion for summary judgment on the Insureds' counterclaims. Id. On March 17, 2022, the Court entered a final judgment reflecting its March 10, 2022, rulings (the "Final Judgment"). Dkt. 179.

On April 6, 2022, the Insureds appealed the Final Judgment to the Ninth Circuit. Dkt. 188. On April 19, 2023, the Ninth Circuit affirmed the Court's grant of summary judgment to Travelers on the Insureds' claim for a bad faith breach of the insurance policy and request for attorneys' fees. Dkt. 196.

On September 11, 2023, the Court held a scheduling conference to determine the remaining issues in the case following the Ninth Circuit's decision. Dkt. 206. On October 5, 2023, the Court requested supplemental briefing addressing, among other issues, whether this Court's decision granting Travelers motion for partial summary judgment forecloses the Insured from claiming reimbursement for the shortfall between Cumis counsels' hourly rates and the $200/hour rate paid by Travelers. Dkt. 208.

On October 24, 2023, the Court issued an order finding that "the dispute over the appropriate rates for Cumis counsel and the corresponding scope of required discovery should be resolved by arbitration pursuant to Section 2860. Cal. Civ. Code § 2860."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

Dkt. 214. Thus, the only relevant claim currently proceeding in this case is Travelers' claim against the Insured for equitable reimbursement of all fees, costs, and expenses paid by Travelers to defend the underlying action.

On November 8, 2024, Travelers filed the instant motion for a bench trial. Dkt. 244 ("Mot."). On November 15, 2024, the insureds filed their opposition. Dkt. 245 ("Opp."). On November 25, 2024, Travelers filed its reply. Dkt. 246 ("Reply").

On December 9, 2024, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A party may demand a jury trial on any issue triable of right by a jury by serving the other parties with a written demand "no later than fourteen days after the last pleading directed to the issue is served." Fed. Rule Civ. Proc. 38(b). Under Federal Rule of Civil Procedure 39(a), after a jury trial has been demanded under Rule 38, the court may, "on motion or on its own, find[] that on some or all of those issues there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2); see Craig v. Atl. Richfield Co., 19 F.3d 472, 477 (9th Cir. 1994) ("[U]under Rule 39(a)(2), the court may, on its own initiative, remove a case from the jury docket if it finds that the right to a jury trial did not exist under a statute or the Constitution.").

The Seventh Amendment provides that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." U.S. Const. amend. VII. The Supreme Court has held that "Suits at common law" are those "in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone were recognized, and equitable remedies were administered." Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989). Accordingly, the Seventh Amendment preserves the right to a trial by jury in cases at law, but "[i]n contrast, those actions that are analogous to 18th-century cases tried in courts of equity … do not require a jury trial." Tull v. United States, 481 U.S. 412, 417 (1987) (citing Parsons v. Bedford, Breedlove & Robeson, 28 U.S. 433 (1830)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

### III. REQUEST FOR JUDICIAL NOTICE

Along with its motion, Travelers filed a request for judicial notice. Dkt. 244-1 ("RJN"). Travelers requests that the Court take judicial notice of five exhibits and three additional facts. Id. at 2-3. These are: (1) Travelers' complaint filed in this action, dkt.1 ("Compl."); (2) the Insureds' Answer and Counterclaim in this action, dkt. 12; (3) the Court's August 6, 2018 order on Travelers' defense obligation in the underlying action, dkt. 35; (4) the Court's March 10, 2022 order granting Travelers' motion for summary judgment and relieving Travelers of its responsibility to defend the Insureds in the underlying action, dkt. 173; (5) the Court's March 17, 2022 entry of Final Judgment on the Insureds' motion for summary judgment and Travelers' counter-motion for summary judgment, dkt. 179; (6) the fact that on April 19, 2023 the Ninth Circuit issued its Memorandum affirming this Court's decision following an appeal by the Insureds, dkt. 196; (7) the fact that on June 9, 2023, the Ninth Circuit issued its Mandate, dkt. 197; and (8) the fact that on September 9, 2024, the Court ordered Travelers to file a motion for a bench trial, dkt. 242. Id.

Pursuant to Federal Rule of Evidence 201, courts may take judicial notice of documents containing disputed facts for their existence, but not for the truth of the matters asserted therein. See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 689-90 (9th Cir. 2001). Accordingly, the Court notices the proffered Exhibits for their existence, though not for the truth of the matters asserted in the filings and orders. The Court is permitted to take judicial notice of the undisputed facts for which Travelers requests judicial notice and does so here. Id.

### IV. DISCUSSION

Travelers argues that there is no federal right to a jury trial on its second claim for equitable reimbursement, the only remaining claim in this action. Mot. at 6. Travelers explains that it "seeks reimbursement of the defense fees and costs it incurred in the underlying Louderback Action on behalf of its insureds, Walking U Ranch LLC, Kathleen P. March Patrick F. Bright, that are not potentially covered under the policy." Id. Travelers argues that pursuant to California law, "it is well established that an insurer's right to reimbursement of defense fees and costs that are not even potentially covered is a 'quasi-contractual' right, not one based on the terms of the contract." Id. Travelers claims that in these circumstances, the insurer is entitled to these costs as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

reimbursement to prevent unjust enrichment in the form of defense costs that go beyond what was bargained for the in the insurance contract. Id. (citing Buss v. Superior Ct., 16 Cal. 4th 35, 48, 50-51 (1997)).

Travelers contends that pursuant to Rule 39(a) the Court may find that there is no federal right to a jury trial in this action, despite a jury trial demand having been made pursuant to Rule 38. Id. at 10. Travelers argues that a two-step Seventh Amendment analysis of the kind the Supreme Court conducted in Granfinanciera applies, asking whether the action would have been equitable or legal at common law in the eighteenth century and whether the nature of the remedy is equitable or legal, arguing the test dictates a finding that there is no right to a jury trial in this case. Id. at 11-16 (citing Granfinanciera, 492 U.S. at 42). As to the first prong, the nature of the action, Travelers reiterates that the right under California law to be reimbursed for attorney's fees and other expenses paid to defend claims which the insurer did not have a contractual obligation to defend is considered a quasi-contractual right. Id. at 12 (citing Buss, 16 Cal. 4th at 47-49). Travelers argues that an insurer has the right to recover these costs as restitution to prevent an insured from becoming unjustly enriched. Id. (citing Buss, 16 Cal. 4th at 47-49; Am. Motorists Ins. Co. v. Superior Court, 68 Cal. App. 4th 864, 874 (1998); Great Am. Ins. Co. v. TLM Petro Lab. Force, Inc., No. CV 18-5642-GW(AGRX), 2018 WL 6333698 at *3 (C.D. Cal. Oct. 11, 2018)). Travelers argues that the Ninth Circuit has determined that an order of restitution is an equitable remedy, even if the claim involves the return of money. Id. at 14 (citing Simpson v. Office of Thrift Supervision, 29 F.3d 1418, 1423-24 (9th Cir. 1994). Accordingly, Travelers contends, the first factor weighs against finding that the Insureds have a right to a jury trial pursuant to the Seventh Amendment for the remaining claim because Travelers "only seeks equitable relief and therefore, this action is not a suit at common law," wherein the Insureds would have such a right.

As to the second factor, the nature of the remedy sought, Travelers contends that here the remedy sought is equitable. Id. at 16. Travelers argues that though money damages are considered the classic form of legal relief, id. at 15 (citing Great-W. Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 210 (2002)), "merely seeking monetary remedies does not mean that remedy is 'legal,'" id. (citing Curtis v. Loether, 415 U.S. 189, 196 (1974)). Rather, Travelers argues, a remedy is properly considered legal when a plaintiff seeks monetary damages for a loss plaintiff allegedly suffered, while a remedy is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

equitable when plaintiff seeks restitution of something held by a defendant that is rightfully considered plaintiff's. Id. (citing Great-W. Life, 524 U.S. at 210, 213-14). Restitution can be considered legal, Travelers concedes, but to be considered an equitable claim, the action must not seek to hold the defendant personally liable, but rather "to 'restore the plaintiff particular funds or property in the defendant's possession.'" Id. (citing Great-W. Life, 524 U.S. at 214). Travelers argues that a California appellate court has "held that the insurer's 'right to reimbursement for allegedly excessive or unnecessary fees and costs is a claim for *equitable* restitution, not a claim for damages.'" Id. (citing Am. Motorists Ins. Co., 68 Cal.App.4th at 874). Travelers contends that its claim for reimbursement of defense fees is therefore properly considered an equitable remedy that does not give rise to the Seventh Amendment right to a jury trial. Id. at 16.

In opposition, the Insureds argue that they "are entitled to a jury trial in District Court, because Travelers' sole remaining claim for trial in this Court, is Travelers' claim to be paid money, by [the Insureds], on a contract claim." Opp. at 3. The Insureds contend that since the 1600s, common law contract claims for money damages have given rise to the right to a jury trial. Id. The Insureds argue that just because Travelers refers to their claim as an equitable claim does not make it one, because Travelers is seeking money from the Insureds, "and claims for money are entitled to be tried to a jury." Id. at 4. The Insureds contend that denying them a jury trial would be a reversible error. Id. The Insureds argue that the case law on which Travelers relies dictates that they are entitled to a jury trial. Id. The Insureds argue that Simler v. Conner, a case to which Travelers cites for the contention that the right to a jury trial is to be determined as a matter of federal law, supports the contention that the money claim at issue, based on contract principles, is a common law issue that requires trial by jury. Id. at 4-5 (citing 372 U.S. 221 (1963)). The Insureds also argue that Travelers is wrong to rely on Granfinanciera because there the Court similarly dismissed equitable claims leaving only a monetary claim, which is a jury issue. Id. at 5.

The Insureds further contend that Travelers fails to cite any case law in its favor. Id. at 6. The Insureds argue that Travelers' reliance on American Motorists is misplaced because there the court found that the insurer's claim sounded in equity, and denied a jury trial but said that where both legal and equitable remedies are sought in the same action, the parties are entitled to have the legal issues decided by a jury. Id. (citing Am. Motorists Ins. Co., 68 Cal. App. 4th at 871). The Insureds argue that Evanston Ins. Co. v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

Winstar Properties is also inapposite because there the insurer agreed immediately to defend the defendants in the underlying action, whereas here, Travelers tried to evade that obligation. Id. (citing No. 18-CV-0774-RGK-KES, 2022 WL 1309843, at *3 (C.D. Cal. April 14, 2022)). Finally, the Insureds cite Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643 (7th Cir. 2002), arguing that it supports the contention that "Travelers' baseless contract claim for money damages is the only issue left to be tried by the District Court and is a jury issue." Id. at 7. Because Travelers' claim for declaratory relief was denied, the Insureds argue, it is left only with a monetary claim, sounding in contract based on the insurance policy, which is a legal claim. Id.

In reply, Travelers argues that the Insureds are wrong to say that the remaining claim is a contract claim for money damages and that they cite no authority to support this proposition. Reply at 2. Travelers restates its authority for the proposition that an insurer's claim for defense fees and costs is an equitable claim based on unjust enrichment, rather than a legal claim. Id. at 3. Travelers next argues that the Insureds are incorrect that Travelers erroneously characterized its claim as one for equitable recoupment. Id. at 4. Travelers reiterates that California courts have said that this kind of claim is one for equitable reimbursement and that they have determined there is no right to a jury trial on such claims. Id. (citing Buss, 16 Cal. 4th at 48, 50-51; Scottsdale Ins. Co., v. MV Transp., 36 Cal.4th 643, 657-60 (2005); North American Capacity Ins. Co. v. Entertainment LLC, No. 22-CV-1016-FWS-JDE, 2022 WL 19250262, at *10 (C.D. Cal. July 27, 2022); Am. Motorists Ins. Co., 68 Cal. App. 4th at 871).

Travelers argues that there is "no merit to [d]efendants' contention that they are entitled to a jury trial simply because Travelers is 'seeking money,'" relying on the authority it cites in its motion for this contention. Id. at 5. Travelers contends that it is seeking restitution of monies it paid to defend the Insureds in the underlying action that were not the result of potentially covered claims, which is an equitable remedy not giving rise to the Seventh Amendment right to a jury trial. Id. at 6. Finally, Travelers argues that there is "also no merit to [d]efendants' contention that Simler v. Conner, 372 U.S. 221 (1963) and Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 42 (1989) dictate that The Insureds are entitled to a jury trial" because these cases do not involve an insurer's claim for reimbursement of defense fees and cost paid for claims that are not covered by the policy. Id. Travelers contends that its cited authority, including examples of similar

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

claims tried to the court, rather than a jury, demonstrates that there is no right to a jury trial in this case.

The Court concludes that Travelers' remaining claim is properly considered an equitable claim, for which there is no right to a trial by jury.[1] The Ninth Circuit has explained that "[w]hen the right to a jury trial is invoked in an action based on a statute … Tull v. United States," establishing the two-step analysis Travelers follows in its argument, "provides the appropriate analysis." Smith v. Barton, 914 F.2d 1330, 1337 (9th Cir. 1990). Given that this claim is one based in the California common law, the Court concludes that this test is inapplicable, and instead looks more generally to whether the claim is legal or equitable in nature as dictated by the Supreme Court's definition of the "Suits at common law" language in the Seventh Amendment. Granfinanciera, 492 U.S. at 41 (citing Parsons, 28 U.S. at 447) (describing that the Supreme Court has "consistently interpreted" "'Suits at common law'" to refer to cases where legal, rather than equitable rights were at issue). It is clear that the kind of claim at issue here is considered equitable, and that accordingly, the Seventh Amendment does not guarantee the right to a jury trial in this context.

Pursuant to California law, "an insurer's right of equitable reimbursement sounds in quasicontract when the insurer's duty to defend attaches to a 'mixed' claim—i.e., where the underlying suit involves both losses that are potentially covered and losses that have no potential for coverage." St. Paul Mercury Ins. Co. v. Del Webb California Corp., No. 16-CV-209-PSG-SPX, 2016 WL 5868102, at *2 (C.D. Cal. Sept. 29, 2016) (citing

---

[1] The Court notes that at its December 9, 2024 hearing, it proposed having a jury trial, with the jury providing an advisory opinion, but on further review, the Court concludes that the right to a jury trial is not supported by the law in these circumstances. According to the California Practice Guide on Insurance Litigation, "where the court has granted declaratory relief ordering the insurer to defend the action, the insurer's subsequent suit to recover allegedly excessive or unnecessary fees is treated as a claim for *equitable restitution*, not a claim for damages, and hence is triable by the trial judge alone, not a jury." Croskey et al., Cal. Practice Guide: Insurance Litigation, § 7:761.1 (citing Am. Motorists Ins. Co., 68 Cal. 4th at 874). Here, the Court ordered Travelers to defend the underlying action in its August 6, 2018 order, and accordingly, the Court concludes that the Insureds do not have a right to a jury trial in these circumstances.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

Buss, 16 Cal. 4th at 65). This is the case here. Travelers "seeks monetary judgment from [d]efendants for all sums paid to defend [d]efendants in the [underlying a]ction that are solely attributable to the defense of uncovered claims." Mot. at 6-7 (citing Compl. ¶ 38). In these circumstances, California law requires an insurer to defend the entire action, as Travelers did, but provides that the insurer may later seek to be reimbursed for defense costs incurred in defending parts of the action the insurance policy did not reach. St. Paul Mercury, 2016 WL 5868102, at *2 (citing Buss, 16 Cal. 4th at 50-51, 65). Pursuant to California law, "[t]his equitable right to reimbursement is a right of restitution against the insured who is 'unjustly enriched' by the insurer's defense of the uncovered loss." Id. (citing Buss, 16 Cal. 4th at 51, 65).

In American Motorists, the California Court of Appeal determined that where only a claim for equitable reimbursement, brought by the insurer to recoup the amount it alleged it overpaid, remained, there was no entitlement to trial by jury. Am. Motorists Ins. Co., 68 Cal. App. 4th at 873-74. The court there determined that "where, as here, payment is compelled rather than voluntary, the [insurer]'s right to reimbursement for allegedly excessive or unnecessary fees and costs is a claim for *equitable* restitution, not a claim for damages." Id. at 874. Here, Travelers was compelled to defend the underlying action, dkt. 35, and now seeks to recover what it claims were excessive and unnecessary fees that lay beyond the scope of the policy's coverage, compl. ¶ 37. Accordingly, the Court finds that Travelers' claim is properly considered equitable.

The Insureds argue that because this is an action seeking money, it is necessarily a claim at law, entitling them to a jury trial. The Court disagrees with this contention. While claims for money damages are traditionally considered to be actions at law, this is not necessarily dispositive, and courts must analyze whether the plaintiff's right to the money sought sounds in law or in equity. Mertens v. Hewitt Assocs., 508 U.S. 248, 255 (1993) (citing Curtis, 415 U.S. at 196; Teamsters v. Terry, 494 U.S. 558, 570-70 (1990)). The Supreme Court has explained that at common law, in cases where plaintiff had no right to possession of the property at issue, but where he might be able to show a reason for recovering money to compensate a benefit defendant received from him, plaintiff's right was one at law, while in cases where plaintiff's claim was that money or property that rightfully belonged to plaintiff was in defendant's possession, the action was considered one in equity. Great-W., 534 U.S. at 213; see also Simpson, 29 F.3d at 1423-24 (holding that "[m]erely because this case involves a claim for restitution of money

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:18-cv-02482-CAS (GJSx) | Date | December 9, 2024 |
|---|---|---|---|
| Title | The Travelers Indemnity Company of Connecticut et al v. Walking U Ranch, LLC et al | | |

does not detract from its equitable nature"); see generally Kraus v. Trinity Mgmt. Servs., Inc., 23 Cal. 4th 116 (2000) (explaining that restitution and disgorgement can be required as an exercise of the court's equitable powers). In this case, Travelers is asserting that it paid defense costs it was not required to pay by the insurance policy between Travelers and the Insureds, thus that money that rightfully belonged to Travelers is now in the Insureds' possession in the form of those defense costs. Accordingly, at common law this would have been considered an action in equity, and the Court must therefore treat the claim as equitable today, meaning that the Insureds do not have the right to trial by, despite the remaining claim being one for money.

## V.    CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Travelers' motion for a bench trial in this action.

IT IS SO ORDERED.

|  |  | 00 | : | 19 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |